IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YVONNE HOUSTON PLAINTIFF

VS. CASE NO. 4:25-CV-859 JM

OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS DEFENDANTS

# JOINT RULE 26(f) REPORT

Plaintiff and defendants submit the following information as required by Rule 26(f) and Local Rule 26.1:

1. **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).**

   Paper copies need not be served. Emails to the addresses below suffice.

2. **Date when mandatory disclosures were or will be made.**

   Within thirty (30) days of the filing of this Report.

3. **Subject on which discovery may be needed.**

   (a) Plaintiff's liability claims and defendants' defenses to those claims;

   (b) Facts relating to the terms, conditions, circumstances of plaintiff's employment, and the separation of her employment; and

   (c) Alleged damages and mitigation of damages.

4. **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so**:

   (a) Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business:

The parties anticipate that any information sought in discovery will be that which the parties produce and maintain in the ordinary course of business, including without limitation, Plaintiff's personnel file, communications with and/or regarding the Plaintiff, time records, and pay records.

(b) The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business.

Unknown at this time.

(c) The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production:

The parties will confer as necessary to determine the best method of production but anticipate that any such data will be produced in paper, PDF, or TIF format as native files.

(d) Whether reasonable measures have been taken to preserve discoverable data from alternation or destruction in the ordinary course of business or otherwise:

The parties have been made aware of the need to maintain relevant records taken in the ordinary course of business.

(e) Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery:

None at this time.

**5. Date by which discovery should be completed.**

January 27, 2027.

**6. Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

The parties agree that discovery—that being propounded and that being answered—can be served by email and can be signed with the /s/ protocol.

7. **<u>Any orders, *e.g.* protective orders, which should be entered</u>.**

Defendants intend to seek a protective order pertaining to discovery involving confidential or proprietary information and non-parties, such as other employees or former employees, or other matters that should be limited to use in this litigation. The parties agree that they will confer regarding the content of the proposed protective order and anticipate submitting an agreed order to the Court for its consideration.

8. **<u>Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action</u>.**

Apart from the issue cited in item 7, there are no objections.

9. **<u>Any objections to the proposed trial date</u>.**

The parties do not have a conflict with the proposed trial date of April 12, 2027.

10. **<u>Proposed deadline for joining other parties and amending the pleadings</u>.**

June 1, 2026.

11. **<u>Proposed deadline for completing discovery</u>.**

January 27, 2027.

12. **<u>Proposed deadline for filing motions other than motions for class certification</u>.**

February 11, 2027.

13. **<u>Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification</u>.**

Not applicable.

**14. <u>Estimated number of six-hour trial days needed</u>.**

Three (3) to four (4) days.

Respectfully submitted,

CONSUMER ATTORNEYS PLLC
6829 Main Street
Flushing, NY 11367-1305
(718) 770-7901 (office)
(718) 247-8020 (facsimile)
Email: dcohen@consumerattorneys.com

By: Daniel Cohen (NY Bar No. 5481460)

SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
Email: emanuel@sagelegal.nyc

By: Emanuel Kataev (NY Bar No. 5154588)

*Attorneys for Plaintiff*

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699
(501) 371-0808
Fax: (501) 376-9442
Email: dljones@wlj.com

By: Daveante Jones (2016163)

*Attorneys for Defendants*