IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YVONNE HOUSTON PLAINTIFF

VS. CASE NO. 4:25-CV-859 JM

OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS DEFENDANTS

**AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants Ozark Automotive Distributors, Inc. dba O'Reilly Auto Parts ("Ozark") (which is incorrectly named and not a proper party to this lawsuit), Sonya Shrum, Alex Boyd, and Rickey Scogin (incorrectly named as "Ricky Scoggins"), for their amended answer to plaintiff's Complaint and Demand for Jury Trial ("the complaint"):

**INTRODUCTION**

1. Admit that plaintiff purports to bring a civil rights complaint pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-101 *et seq*. but deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against; deny plaintiff was wrongfully terminated; deny plaintiff's allegations of discrimination, retaliation, and defendants creating a hostile work environment; deny violating Section 1981 and the ACRA in any respect; deny that plaintiff is entitled to any relief or damages under Section 1981 and the ACRA; and otherwise deny the allegations contained in paragraph 1 of the complaint.

2. Admit that plaintiff was employed at Store #840 as a Retail Service Specialist during the period of February 2024 through August 22, 2024; admit that plaintiff was terminated for violating company policy on August 22, 2024; but deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the remaining allegations contained in paragraph 2 of the complaint.

3. Deny the allegations contained in paragraph 3 of the complaint.

4. Admit that plaintiff was terminated for violating company policy on August 22, 2024, but deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against, deny that plaintiff was unlawfully terminated and otherwise deny the remaining allegations contained in paragraph 4 of the complaint.

## **JURISDICTION AND VENUE**

5. Admit that the Court has subject matter jurisdiction over plaintiff's Section 1981 claim but deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against, deny violating Section 1981 in any respect and otherwise deny the remaining allegations contained in paragraph 5 of the complaint.

6. Admit that the Court has supplemental jurisdiction over plaintiff's ACRA claim but deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against, deny violating the ACRA in any respect and otherwise deny the remaining allegations contained in paragraph 6 of the complaint.

7. Admit that venue is proper but deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the remaining allegations contained in paragraph 7 of the complaint.

## PARTIES

8. Admit, on information and belief, the allegations contained in paragraph 8 of the complaint.

9. Deny the allegations contained in paragraph 9 of the complaint.

10. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the remaining allegations contained in paragraph 10 of the complaint.

11. Admit the allegations contained in paragraph 11 of the complaint.

## STATEMENT OF FACTS

12. Admit that plaintiff was employed at Store #840 during the period of February 2024 through August 22, 2024; admit that plaintiff was terminated for violating company policy on August 22, 2024; but deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the remaining allegations contained in paragraph 12 of the complaint.

13. Admit that, prior to her stint of employment at Store #840, plaintiff was employed for a period of time by O'Reilly Automotive Stores, Inc. dba O'Reilly Auto Parts at Store #3273 in Wisconsin but deny that Ozark employed plaintiff during her

time at Store #840 and otherwise deny the remaining allegations contained in paragraph 13 of the complaint.

14. Admit that plaintiff began working at Store #840 in February 2024 and became an employee of O'Reilly Automotive Stores, Inc. dba O'Reilly Auto Parts; deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the remaining allegations contained in paragraph 14 of the complaint.

15. Deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the allegations contained in paragraph 15 of the complaint.

16. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint because they do not know what plaintiff means by "eminently qualified" and therefore deny the same.

17. Deny the allegations contained in paragraph 17 of the complaint.

18. Admit that plaintiff received a performance evaluation in March 2024 but deny that Ozark employed plaintiff during her time at Store #840, deny the remaining allegations contained in paragraph 18 of the complaint and further deny any implication of wrongdoing or violation of Section 1981 and the ACRA.

19. Admit that plaintiff had a PTO issue that was resolved in or around the stated time period but deny that Ozark employed plaintiff during her time at Store #840, deny the remaining allegations contained in paragraph 19 of the complaint and further deny any implication of wrongdoing or violation of Section 1981 and the ACRA.

20. Deny that Ozark employed plaintiff during her time at Store #840, otherwise deny the allegations contained in paragraph 20 of the complaint and further deny any implication of wrongdoing or violation of Section 1981 and the ACRA.

21. Admit that plaintiff had a PTO issue that was ultimately resolved but deny that Ozark employed plaintiff during her time at Store #840, deny the remaining allegations contained in paragraph 21 of the complaint and further deny any implication of wrongdoing or violation of Section 1981 and the ACRA.

22. Admit that plaintiff had a PTO issue that was ultimately resolved but deny that Ozark employed plaintiff during her time at Store #840, deny the remaining allegations contained in paragraph 22 of the complaint and further deny any implication of wrongdoing or violation of the law.

23. Deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the allegations contained in paragraph 23 of the complaint.

24. Deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the allegations contained in paragraph 24 of the complaint.

25. Deny that Ozark employed plaintiff during her time at Store #840 and, upon information and belief, otherwise deny the allegations contained in paragraph 25 of the complaint.

26. Deny that Ozark employed plaintiff during her time at Store #840 and, upon information and belief, otherwise deny the allegations contained in paragraph 26 of the complaint.

27. Deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the allegations contained in paragraph 27 of the complaint.

28. Deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the allegations contained in paragraph 28 of the complaint.

29. Admit that plaintiff attended work on May 4, 2024, but deny that Ozark was plaintiff's employer at that time, deny the remaining allegations contained in paragraph 29 of the complaint and further deny any implication of wrongdoing or violation of Section 1981 and the ACRA.

30. Deny the allegations contained in paragraph 30 of the complaint.

31. Deny the allegations contained in paragraph 31 of the complaint.

32. Deny the allegations contained in paragraph 32 of the complaint.

33. Deny the allegations contained in paragraph 33 of the complaint.

34. Deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the allegations contained in paragraph 34 of the complaint.

35. Deny the allegations contained in paragraph 35 of the complaint.

36. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint and therefore deny the same.

37. Admit that no corrective action was taken against Shrum in connection with an alleged confrontation with plaintiff but deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the remaining allegations contained in paragraph 37 of the complaint.

38. Deny the allegations contained in paragraph 38 of the complaint.

39. Deny the allegations contained in paragraph 39 of the complaint.

40. Deny the allegations contained in paragraph 40 of the complaint.

41. Admit that Boyd contacted plaintiff prior to her scheduled shift on May 31, 2024, but deny that Ozark was plaintiff's employer at that time and otherwise deny the remaining allegations in paragraph 41 of the complaint.

42. Admit that Boyd investigated a complaint made by plaintiff regarding scheduled work hours during holiday weeks and was unable to substantiate any allegations of discriminatory or retaliatory behavior but deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the remaining allegations in paragraph 42 of the complaint.

43. Admit that Boyd investigated a complaint made by plaintiff regarding scheduled work hours during holiday weeks and was unable to substantiate any allegations of discriminatory or retaliatory behavior but deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the remaining allegations in paragraph 43 of the complaint.

44. Admit that Boyd investigated a complaint made by plaintiff regarding scheduled work hours during holiday weeks and was unable to substantiate any allegations of discriminatory or retaliatory behavior but deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the remaining allegations in paragraph 44 of the complaint.

45. Admit that Boyd investigated a complaint made by plaintiff regarding scheduled work hours during holiday weeks and was unable to substantiate any allegations of discriminatory or retaliatory behavior but deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the remaining allegations in paragraph 45 of the complaint.

46. Admit that Boyd investigated a complaint made by plaintiff regarding scheduled work hours during holiday weeks and was unable to substantiate any allegations of discriminatory or retaliatory behavior but deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the remaining allegations contained in paragraph 46 of the complaint.

47. Admit that Regional Manager Justin Fortune conducted an in-person visit to Store #840 to investigate workplace-related concerns reported by plaintiff and was unable to substantiate any allegations of discriminatory or retaliatory behavior but otherwise deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the remaining allegations contained in paragraph 47 of the complaint.

48. Deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the allegations contained in paragraph 48 of the complaint.

49. Deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the allegations contained in paragraph 49 of the complaint.

50. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint and therefore deny the same.

51. Admit that plaintiff refused to replace a customer's battery, used inappropriate language with the customer, and as a result received a Final Warning based on findings from an investigation into the incident, but deny the remaining allegations contained in paragraph 51 of the complaint.

52. Admit that an incident occurred between plaintiff and a customer that resulted in plaintiff receiving a Final Warning based on findings from an investigation into the incident but deny the remaining allegations contained in paragraph 52 of the complaint.

53. Admit that plaintiff refused to replace a customer's battery, used inappropriate language with the customer, and as a result received a Final Warning based on findings from an investigation into the incident, but deny that Ozark was plaintiff's employer at that time and otherwise deny the remaining allegations contained in paragraph 53 of the complaint.

54. Deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the allegations contained in paragraph 54 of the complaint.

55. Deny that Ozark employed plaintiff during her time at Store #840 and otherwise deny the allegations contained in paragraph 55 of the complaint.

56. Admit that plaintiff was terminated for violating company policy on August 22, 2024; but deny that Ozark terminated plaintiff because it was not her employer at that time; deny that plaintiff was wrongfully terminated; deny any wrongdoing or violation of Section 1981 and the ACRA; and further deny the allegations contained in paragraph 56 of the complaint.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF 42 U.S.C. § 1981
### DISCRIMINATION IN EMPLOYMENT CONTRACT

57. In response to the allegations contained in paragraph 57 of the complaint, defendants restate and incorporate their responses to paragraphs 1 through 56 of the complaint.

58. State that the allegations contained in paragraph 58 of the complaint contain conclusions of law to which no response is required. To the extent a response is required, those allegations are denied.

59. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 59 of the complaint.

60. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 60 of the complaint.

61. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 61 of the complaint.

62. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 62 of the complaint.

63. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 63 of the complaint.

64. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 64 of the complaint.

65. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 65 of the complaint.

66. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 66 of the complaint.

67. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 67 of the complaint.

68. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 68 of the complaint.

69. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 69 of the complaint.

70. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 70 of the complaint.

71. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 71 of the complaint.

72. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 72 of the complaint.

73. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 73 of the complaint.

74. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 74 of the complaint.

75. State that, to the extent a response to the unnumbered paragraph stating "Retaliation as a separate cause of action?" is required, those allegations are denied.

## COUNT TWO
## VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT: DISCRIMINATION ON THE BASIS OF RACE AND/OR NATIONAL ORIGIN

76. In response to the allegations contained in paragraph 76 of the complaint, defendants restate and incorporate their responses to paragraphs 1 through 75 of the complaint.

77. Admit the allegations contained in paragraph 76 of the complaint.

78. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 77 of the complaint.

79. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 78 of the complaint.

80. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 79 of the complaint.

81. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 80 of the complaint.

82. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 81 of the complaint.

83. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 82 of the complaint.

84. Deny that Ozark employed plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and otherwise deny the allegations contained in paragraph 83 of the complaint.

## PRAYER FOR RELIEF

85. Deny that plaintiff is entitled to judgment against defendants in any amount and deny the remaining prayer for relief in the WHEREFORE clause of the complaint and its subparagraphs A – F.

## DEMAND FOR TRIAL BY JURY

86. Join in plaintiff's demand for a trial by jury.

## GENERAL DENIAL

87. Deny each and every allegation in the complaint that is not specifically admitted in this answer.

## AFFIRMATIVE AND OTHER DEFENSES

88. Adopt and assert all affirmative defenses available to them under Rule 12 of the Federal Rules of Civil Procedure, specifically, pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure, for insufficiency of process.

89. Adopt and assert all affirmative defenses available to them under Rule 12 of the Federal Rules of Civil Procedure, specifically, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, for insufficiency of service of process.

90. State that the complaint should be dismissed because it fails to state facts sufficient to constitute any cause of action against defendants and fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and any applicable state or federal law.

91. State that Ozark Automotive Distributors, Inc. is incorrectly named as a defendant as it did not employ plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and is, therefore, not plaintiff's employer as defined by Section 1981 and ACRA.

92. State that plaintiff's claims are barred in whole or in part by plaintiff's at-will employee status; the after-acquired evidence doctrine; the lack of individual liability for defendants Sonya Shrum, Alex Boyd, and Rickey Scogin as to all claims alleged in the complaint; the applicable statute of limitations for plaintiff's claims; failure to exhaust any applicable administrative remedies to the extent there was a failure to satisfy the administrative prerequisites necessary to asserting such claims; the doctrines of laches, estoppel, unclean hands, waiver, and acquiescence; and plaintiff's mitigation of alleged damages or failure to mitigate any alleged damages.

93. State that at all times relevant to this action, defendants acted lawfully and in good faith and had reasonable grounds to believe that its conduct with respect to plaintiff was in full compliance with all applicable statutes, laws, and regulations.

94. State that any actions taken with respect to plaintiff were for legitimate and proper causes, and not because of any protected or illegal factor.

95. Pleading alternatively, in the event there is a finding by the Court that defendants considered an impermissible factor in any decision relating to plaintiff, which they deny, defendants state they would have taken the same actions in the absence of the impermissible factor. Further, any impermissible factor or factors considered by defendants were not the "but-for" cause or causes of any decision relating to plaintiff's employment.

96. While denying that any allegedly discriminatory acts took place and denying plaintiff's allegations of racial discrimination, harassment, and retaliation, defendants state that they exercise, and in the past have exercised, reasonable care to prevent and properly correct any discriminatory or improper behavior and state that plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided or to otherwise avoid harm.

97. While denying that any allegedly discriminatory or acts took place and denying plaintiff's allegations of racial discrimination, harassment, and retaliation, defendants state that plaintiff's claims are barred in whole or in part because defendants took prompt, effective, remedial action to investigate and end any and all objectionable conduct when such alleged objectionable conduct was brought to their attention.

98. State that plaintiff's alleged damages, if any, were caused by her own actions or omissions, were the proximate result of actions, fault, or comparative fault of third parties over which defendants have no control, and/or resulted from an intervening proximate cause.

99. State that plaintiff is barred from bringing the complaint, and each purported claim therein, and obtaining any relief pursuant to the claims alleged therein, by virtue of plaintiff's affirmative misconduct or omissions.

100. State that plaintiff's claims are barred to the extent she seeks remedies beyond those provided for by any applicable law.

101. State that the complaint fails to state a claim for compensatory, punitive, or any other type of damages.

102. State that plaintiff's alleged damages, if any, are limited or capped pursuant to applicable law.

103. State that any claim for punitive damages, if granted, would violate the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and violate the Arkansas Constitution because it seeks to impose an excessive fine upon defendants, is penal in nature, and seeks to punish defendants upon unconstitutionally vague standards.

104. State that any claim for punitive damages, if granted, would be grossly excessive and would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and any punitive damages sought by plaintiff are greatly disproportionate to any actual damages (which are denied) and far exceed any civil or criminal sanctions that could be imposed against defendants for similar alleged misconduct.

105. State that any claim for punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution in the absence of an order bifurcating that claim from the issue of liability.

106. Hereby give notice that defendants intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery in this case and affirmatively assert and plead by reservation all Rule 12(b) defenses and Rule 8 affirmative defenses.

107. Reserve the right to plead further and specifically reserve the right to file an amended answer or counterclaim.

WHEREFORE, defendants Ozark Automotive Distributors, Inc. d/b/a O'Reilly Auto Parts, Sonya Shrum, Alex Boyd, and Rickey Scogin respectfully request that the Court dismiss plaintiff Yvonne Houston's complaint against them and award costs and all other proper relief to which they are entitled.

Respectfully submitted:

Daveante Jones (2016163)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
PH: (501) 371-0808
dljones@wlj.com

*Attorneys for Defendants*