IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YVONNE HOUSTON PLAINTIFF

VS. CASE NO. 4:25CV00859-JM

OZARK AUTOMOTIVE DISTRIBUTORS, INC., d/b/a
O'REILLY AUTO PARTS, SONYA SHRUM, ALEX
BOYD, AND RICKY SCOGGINS DEFENDANTS

**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Pursuant to Fed. R. Civ. P. 33, 34, and 37, defendants[1] request that the Court compel plaintiff to produce full and accurate responses to defendants' discovery requests and, for grounds, state:

1. Plaintiff brings claims pursuant to 42 U.S.C. § 1981 ("Section 1981") and the Arkansas Civil Rights Act (ACRA) alleging she was wrongfully terminated by defendants after being subjected to discrimination, retaliation, and a hostile work environment during her employment. *See* ECF Doc. 1.

2. Plaintiff filed her complaint on August 22, 2025. *Id.* She then served Ozark Automotive Distributors and Sonya Shrum on November 6, 2025. *See* ECF Doc. 7. Ozark and Shrum filed a timely answer on December 18, 2025. *See* ECF Doc. 13. On January 5, 2026, the Court extended plaintiff's deadline to serve Alex Boyd and Rickey Scogin with a complaint and summons until February 27, 2026. *See* ECF

[1] Defendants assert that Ozark Automotive Distributors, Inc. is incorrectly named as a defendant as it did not employ plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and is, therefore, not plaintiff's employer as defined by Section 1981 and ACRA. *See* ECF Doc. 23, ¶ 91. Additionally, individual defendant Rickey Scogin is incorrectly named as "Rickey Scoggins" in plaintiff's complaint. *Id.*, at pg. 1.

Doc. 17. Defense counsel agreed to waive service on behalf of defendants Alex Boyd and Rickey Scogin on February 5, 2026. *See* ECF Doc. 19. Defendants then amended their answer to incorporate Boyd's and Scogin's answer to plaintiff's complaint on March 30, 2026. *See* ECF Doc. 23.

3. The parties jointly entered their Rule 26(f) report on February 17, 2026, at which time they mutually agreed on an appropriate discovery timeline. *See* ECF Doc. 20. The Court entered its Final Scheduling Order on February 23, 2026. *See* ECF Doc. 21.

4. On June 16, 2026, defense counsel served plaintiff with defendants' first set of interrogatories and requests for production of documents pursuant to Fed. R. Civ. P. 33 and 34. In accordance with the Federal Rules of Civil Procedure, plaintiff's responses were due July 16, 2026. On July 16, 2026, plaintiff's counsel requested a twenty-one (21) day extension of the deadline for plaintiff to respond. Defendants granted that request moving the deadline for plaintiff to respond to August 6, 2026.

5. On August 18, 2026, having not received plaintiff's responses, defense counsel sent plaintiff's counsel a good-faith letter in accordance with Fed. R. Civ. P. 37, stating that defendants would seek Court intervention if plaintiff did not respond to defendants' discovery requests within five (5) days. Plaintiff's counsel responded via email that defendants would receive plaintiff's responses by the end of the day. Defendants, however, did not receive the responses by the end of the day.

6. On August 24, 2026, plaintiff's counsel requested another extension of the response deadline until August 28, 2026, to respond to defendants' discovery

requests. Defense counsel expressed that defendants would hold off on seeking any Court intervention until Monday, August 31, 2026. As of August 31, 2026, plaintiff has not responded to defendants' discovery requests.

7. Accordingly, defendants request an order compelling plaintiff's response to defendants' discovery requests pursuant to Fed. R. Civ. P. 37(a). Defendants have conferred in good faith with plaintiff on the disputed issues but have not been able to resolve their disagreements without the intervention of the Court.

8. In support of this motion, defendants rely on the brief being filed simultaneously herewith and the parties' communications regarding plaintiff's responses to defendants' discovery requests attached as Exhibit A.[2]

WHEREFORE, defendants respectfully request that the Court compel plaintiff to serve full and complete responses to all outstanding discovery, including responses to defendants' first set of interrogatories and first request for production, and grant any other relief the Court deems just and proper.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: dljones@wlj.com

Daveante Jones (2016163)
*Attorneys for Defendants*

---

[2] Defendants have redacted certain communications between the parties in Exhibit A as the communications were either irrelevant to the discovery requests or made pursuant to Fed. R. Evid. 408.