**EXHIBIT A**

[redacted]

**From:** Daveante Jones
**Sent:** Tuesday, June 16, 2026 9:45 AM
**To:** 'Emanuel Kataev'; 'Mia Kristensen'
**Cc:** 'Irina Iakovleva'; 'Alivia Cooney'; 'Jonathan Krikheli'; 'Daniel Cohen'
**Subject:** RE: Yvonne Houston, Case No. 4:25-CV-859 | Proposed Protective Order/Defendants' First Set of Discovery Requests
**Attachments:** Defendants' First Set of Requests for Production to Plaintiff.pdf; Defendants' First Set of Interrogatories to Plaintiff.pdf; DOCS-#3598291-v1-Houston_v__Ozark_-_Agreed_Protective_Order.DOCX

**Categories:** Egress Switch: Unprotected

Good morning,

Hope everyone is doing well. Wanted to follow up on the draft protective order. You okay with it? Wanted to get it filed with the Court.

Also, wanted to go ahead and get over our first set of discovery requests. See attached.

[redacted]

Thanks,
Daveante

WRIGHT LINDSEY JENNINGS

Daveante Jones
ATTORNEY
501.212.1332 | dljones@wlj.com

Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201
Main 501.371.0808 | Fax 501.376.9442 | wlj.com

Follow us on *Twitter* **@WLJEmployment**

This e-mail is for the sole use of the intended recipient or recipients and may contain information or material that is confidential, attorney-client privileged, and/or attorney work product. If you receive this e-mail in error, please contact the sender, delete the original and all copies of the e-mail, and destroy any other hard copies of it. No waiver of any privilege or the work product doctrine is intended.

Additionally, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

[redacted]

[redacted]

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YVONNE HOUSTON PLAINTIFF

VS. CASE NO. 4:25-CV-859 JM

OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS DEFENDANTS

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff is to produce for inspection and copying the following documents at the offices of Wright, Lindsey & Jennings LLP, 200 West Capitol Avenue, Suite 2300, Little Rock, Arkansas 72201-3699, within thirty (30) days from the date of service hereof, or at such other time and place as may be mutually agreed upon between counsel.

Each document provided in response to these requests should be identified according to the numbering of the requests below.

“DOCUMENT” means any material subject to discovery under the Federal Rules of Civil Procedure, including, but not limited to, the original and non-identical copies of correspondence, memoranda, agreements, notes, hand-written notes and scratch pads or sheets, records, computer printouts, calculations, tape recordings, and all other writings, recordings of communications, recordings or data compilations in whatever form, including drafts thereof, machine readable information, information on computer hard drive or other storage, electronic mail, and any material

underlying, supporting or used in the preparation of any document now or formerly within the actual or constructive possession, custody or control of the party or any other person.

Pursuant to the Federal Rules of Civil Procedure, these requests for production of documents are deemed to be continuing and require supplemental responses if plaintiff, during the course of this proceeding, becomes aware of new or additional documents responsive to any request below.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: Please produce all documents and recordings identified by you in your responses to defendants' first set of interrogatories.

**REQUEST FOR PRODUCTION NO. 2**: Please produce all documents, tangible items, electronic items and recordings that have any relevance to your claims or to defendants' defenses, whether or not you intend to offer them as exhibits at trial.

**REQUEST FOR PRODUCTION NO. 3**: Please produce all documents, recordings and exhibits that you intend to introduce or refer to at trial or any deposition or hearing in this matter.

**REQUEST FOR PRODUCTION NO. 4**: Please produce all documents including, but not limited to, notes, diaries, logs and correspondence, and all recordings, that relate in any way to each conversation or communication between you or anyone acting on your behalf and any current or former officer, director,

employee, agent or representative of defendants relating to your claims in the complaint or to any defenses raised by defendants.

**REQUEST FOR PRODUCTION NO. 5**: Please produce all online profiles, postings, messages (including, but not limited to, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos, and online communications that:

(a) Refer or relate in any manner to your employment at Store #840;

(b) Refer or relate in any manner to the allegations set forth in your complaint;

(c) Refer or relate in any manner to any facts or defenses raised in the answer;

(d) Reveal, refer or relate to any emotion, feeling, or mental state regarding your employment at Store #840;

(e) Reveal, refer or relate to your health, physical condition, or mental state regarding your employment at Store #840; or

(f) Reveal, refer, relate to events that could be reasonably be expected to produce a significant emotion, feeling, or mental state regarding your employment.

**REQUEST FOR PRODUCTION NO. 6**: Please produce all documents including, but not limited to, statements and affidavits that any current or former employees, officers, directors, agents or representatives of defendants were asked to prepare or sign.

**REQUEST FOR PRODUCTION NO. 7**: Please produce all state and federal income tax returns filed by you for 2021, 2022, 2023, 2024, and 2025, including W-2s.

**REQUEST FOR PRODUCTION NO. 8**: Please produce all check stubs or other documents showing the rates of pay and hours and days for which you received pay for any period since 2021 for which income tax returns are unavailable.

**REQUEST FOR PRODUCTION NO. 9**: Please produce all check stubs or other documents showing the rates of pay and hours and days for which you received pay for any period since your employment at Store #840 ended for which income tax returns are unavailable, specifically including pay stubs from your current employer.

**REQUEST FOR PRODUCTION NO. 10**: Please produce all documents relating to or supporting any and all alleged damages, including both pecuniary and non-pecuniary losses, that you claim to have suffered as a result of any alleged unlawful or wrongful conduct by defendants.

**REQUEST FOR PRODUCTION NO. 11**: Please produce all correspondence and recordings of conversations between you or anyone acting on your behalf and any current or former officer, director, employee, agent, or representative of defendants.

**REQUEST FOR PRODUCTION NO. 12**: Please produce all documents and recordings reflecting, referring or relating to each complaint by you regarding your employment or the way you were treated by defendants.

**REQUEST FOR PRODUCTION NO. 13**: Please produce a detailed résumé and/or vitae and all reports of each expert witness expected to testify and copies of any articles or works written by them on the subject matter for which they are expected to testify.

**<u>REQUEST FOR PRODUCTION NO. 14</u>**: Please produce all documents including but not limited to diaries, notes, memoranda or records of telephone conversations, personal conversations, personal observations or opinions reduced to writing, and all recordings, relating to your employment at Store #840 or the claims in your complaint not otherwise requested herein.

**<u>REQUEST FOR PRODUCTION NO. 15</u>**: Please produce all records that document your attempts to find employment with any employer since 2024, including any efforts made since your employment at Store #840 ended.

**<u>REQUEST FOR PRODUCTION NO. 16</u>**: Please produce all records or documents relating to any claim for unemployment compensation, workers' compensation, or disability benefits made between 2024 and the present.

**<u>REQUEST FOR PRODUCTION NO. 17</u>**: Please produce a copy of each résumé or curriculum vitae of plaintiff.

**<u>REQUEST FOR PRODUCTION NO. 18</u>**: Please produce copies of all materials you furnished to or received from the Department of Workforce Services, Board of Review, Arkansas Appeals Tribunal or other agency in connection with any claim for unemployment benefits since 2024.

**<u>REQUEST FOR PRODUCTION NO. 19</u>**: If you currently maintain (or in the past five years have maintained) a personal log or diary or other notebook or calendar, please provide any and all entries drafted during or relating to your employment at Store #840.

**<u>REQUEST FOR PRODUCTION NO. 20</u>**: If you made a report or complained to defendants (including but not limited to any supervisor or administrative department, such as Human Resources) about the claim(s) alleged in this lawsuit, please produce all documents relating to any such report(s) or complaint(s) and any response(s) provided by defendants.

**<u>REQUEST FOR PRODUCTION NO. 21</u>**: If you made a report or complained to any government agency about the claim(s) alleged in this lawsuit, please produce all documents relating to any such report(s) or complaint(s) and any response(s) provided by such agency.

**<u>REQUEST FOR PRODUCTION NO. 22</u>**: Please complete, execute and return the enclosed releases for employment and medical information, requests for copies of state tax forms, and Consent for Release of Information of Social Security Administration records.

**<u>REQUEST FOR PRODUCTION NO. 23</u>**: Please produce all documents on which you rely to support a claim of compensatory or punitive damages on the part of defendants.

**<u>REQUEST FOR PRODUCTION NO. 24</u>**: Please produce all documents on which you rely to support the allegations in ¶ 24 of your complaint.

**<u>REQUEST FOR PRODUCTION NO. 25</u>**: Please produce all documents on which you rely to support the allegations in ¶ 25 of your complaint.

**<u>REQUEST FOR PRODUCTION NO. 26</u>**: Please produce all documents on which you rely to support the allegations in ¶ 35 of your complaint.

**<u>REQUEST FOR PRODUCTION NO. 27</u>**: Please produce all documents on which you rely to support the allegations in ¶ 48 of your complaint.

**<u>REQUEST FOR PRODUCTION NO. 28</u>**: Please produce all documents on which you rely to support the allegations in ¶ 23 of your complaint.

Respectfully submitted:

Daveante Jones (2016163)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
PH: (501) 371-0808
dljones@wlj.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on June 16, 2026, a copy of the foregoing was served via email on the following:

Daniel Cohen
Consumer Attorneys PLLC
6829 Main Street
Flushing, NY 11367-1305
*dcohen@consumerattorneys.com*

Emanuel Kataev
Sage Legal LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
*emanuel@sagelegal.nyc*

*Attorney for Plaintiff*

Daveante Jones



3593436-v1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YVONNE HOUSTON PLAINTIFF

VS. CASE NO. 4:25-CV-859 JM

OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a
O'REILLY AUTO PARTS, SONYA SHRUM, ALEX
BOYD, AND RICKY SCOGGINS DEFENDANTS

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF**

PLEASE TAKE NOTICE that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants request that plaintiff answer, under oath, the following interrogatories within thirty (30) days from the date of service.

In answering these interrogatories, furnish such information as is available to you, however obtained, including hearsay and information known by, or in the possession of, your agents, including your attorney. If any interrogatory cannot be answered in full after exercising due diligence to secure the information, answer to the extent possible, specifying your inability to answer the remainder, stating whatever information and knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

“IDENTIFY,” when used in reference to a natural person, shall mean for you to state:

(1) His or her full name and present or last known address of his or her residence;

(2) His or her present or last known business affiliation and position therewith; and

(3) His or her present or last known residential and business telephone numbers.

To the extent that any of the above information is not available, state all other available means of identifying such natural person.

"IDENTIFY," when used in reference to a document shall mean for you to state its:

(1) Date;

(2) Author;

(3) Type of document (e.g., letter, memorandum, schedule, report, facsimile, chart, sound reproduction, e-mail, or note); and

(4) Its present location and the name and address of each present custodian.

Pursuant to the Federal Rules of Civil Procedure, please consider these interrogatories as continuing, and supplement your answers in the event new or additional information comes to your attention in order to avoid the possibility of surprise at the trial of this case.

**INTERROGATORIES**

**INTERROGATORY NO. 1**: Please state the name, address, place of employment and telephone number of each and every person who has knowledge of any facts upon which you base the allegations made in your lawsuit and specify, by name of each such individual, the act or acts and dates thereof about which he or she has knowledge.

**INTERROGATORY NO. 2**: Please state the name, address, place of employment and telephone number of each witness you will or may call at the trial

of this matter, and state, with respect to each, the expected subject matter of his or her testimony.

**<u>INTERROGATORY NO. 3</u>**: Please state the name, business address, phone number, occupation, and qualification of each person you intend to employ or use as an expert witness in this case.

**<u>INTERROGATORY NO. 4</u>**: For each person identified in response to Interrogatory No. 3 who you intend to call as an expert witness at trial or at any hearing, identify such expert and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and summary of the grounds for each opinion.

**<u>INTERROGATORY NO. 5</u>**: Please state the type and amount of damages, including front and back pay, that you claim is owed by defendants and set forth in the same detail that you intend to present at trial the calculation of damages.

**<u>INTERROGATORY NO. 6</u>**: Identify all persons with knowledge or information of damages or calculation of such damages included in your response to Interrogatory No. 5.

**<u>INTERROGATORY NO. 7</u>**: Please identify all statements, reports, tape recordings, or memorandum from any person that in any way pertains to any matters involving the allegations in this lawsuit that was secured or obtained by you or any attorney or representative on your behalf. If you contend that such statements, reports, tape recording or memoranda are privileged, state the basis for your claims of privilege and provide a privilege log.

**INTERROGATORY NO. 8**: Please identify and briefly describe all exhibits that you will offer for introduction into evidence at trial or upon which you will otherwise rely at the trial of this cause.

**INTERROGATORY NO. 9**: Please list each job that you have held over the past five years and for each employer please state:

(a) The name of the employer;

(b) The employer's address;

(c) Dates of employment;

(d) Position title;

(e) Reason left employment;

(f) Supervisor's name at time left the employment;

(g) Rate of pay; and

(h) Fringe benefits available and received.

**INTERROGATORY NO. 10**: Identify all periods of time after your employment with Store #840 ended when you were not available for work due to illness or injury, stating specifically the dates and reasons for your unavailability.

**INTERROGATORY NO. 11**: Describe in detail your efforts to find employment after your employment at Store #840 ended.

**INTERROGATORY NO. 12**: Please state every self-employment activity you have engaged in since your employment at Store #840 ended and the amounts of income received therefrom.

**INTERROGATORY NO. 13**: Have you ever applied for unemployment compensation, workers' compensation, social security, or disability payments? If so, state the date or dates of each and the state or federal agency with which the claim or claims were filed. If you received unemployment benefits, please state for what period of time you received those benefits.

**INTERROGATORY NO. 14**: Please identify each physician or health care provider (including mental health care providers/psychologists/psychiatrists) you consulted with or were treated by in the last 5 years.

**INTERROGATORY NO. 15**: List all medical prescriptions you have had in the last 5 years.

**INTERROGATORY NO. 16**: List the case style, case number, and court for each lawsuit (including criminal matters and bankruptcies) in which you have been either a plaintiff or defendant.

**INTERROGATORY NO. 17**: Please state whether you currently maintain (or at any time in the past five years have maintained) a personal log, diary, calendar or other record of your daily activities.

Respectfully submitted,

Daveante Jones (2016163)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
PH: (501) 371-0808
dljones@wlj.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on June 16, 2026, a copy of the foregoing was served via email on the following:

Daniel Cohen
Consumer Attorneys PLLC
6829 Main Street
Flushing, NY 11367-1305
*dcohen@consumerattorneys.com*

Emanuel Kataev
Sage Legal LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
*emanuel@sagelegal.nyc*

*Attorney for Plaintiff*

Daveante Jones

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YVONNE HOUSTON PLAINTIFF

VS. CASE NO. 4:25-CV-859 JM

OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a
O'REILLY AUTO PARTS, SONYA SHRUM, ALEX
BOYD, AND RICKY SCOGGINS DEFENDANTS

**AGREED PROTECTIVE ORDER**

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format) that may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

1. It is agreed that material requested by any of the parties, which they deem confidential, shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

a. Counsel for plaintiff and counsel for defendants and their staff to the extent reasonably necessary to render professional services in the litigation;

b. The parties to the litigation and their experts;

c. The Court and its staff;

d. Any other individuals agreed by the parties in writing, so long as those individuals agree in writing to be bound by this Protective Order; and

e. Any other individuals included by order of the Court.

Materials that may be designated confidential under this Protective Order are those materials the privacy or confidentiality of which are protected by law, including medical records, employment records or information (*e.g.*, personnel files, financial and payroll information), proprietary information, and trade secrets, and other information agreed upon by the parties or deemed by the Court to be confidential in nature. Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

2. The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to designate such document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter, treated as being designated as confidential under this Protective Order.

3. A party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein confidential information or materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made by letter sent by facsimile or electronic mail to opposing counsel within twenty-one (21) business days after receipt of the transcript. Any confidentiality designation asserted on the record during a deposition must be

confirmed in writing within this same time period, providing the specific pages of the transcript that are designated as "CONFIDENTIAL." The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and therefore subject to this Protective Order until 5:00 p.m. Central Time on the twenty first (21st) business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the twenty first (21st) business day after receipt of the transcript are excluded from the protections of this Protective Order.

4. A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The motion should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as "CONFIDENTIAL." The party seeking to maintain materials as "CONFIDENTIAL" generally will bear the burden of proving that the designation is proper. Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

5. Subject to the Federal Rules of Evidence, any confidential information or documents may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

6. Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be filed under seal, in a sealed envelope marked to indicate that the enclosed material is confidential and is to be made available only to the presiding judge and the judge's staff unless and until the Court orders otherwise. Where practicable, in lieu of filing under seal, the confidential information shall be redacted prior to filing, as provided by Federal Rule of Civil Procedure 5.2. The parties may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order. Nothing in this Protective Order shall restrict any use by a producing party of its own confidential information or documents.

7. The information and documentation covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

8. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

IT IS SO ORDERED this _______ day of _____________, 2026.

___________________________________
U.S. DISTRICT JUDGE

APPROVED AS TO FORM:

CONSUMER ATTORNEYS PLLC
6829 Main Street
Flushing, NY 11367-1305
(718) 770-7901 (office)
(718) 247-8020 (facsimile)
Email: dcohen@consumerattorneys.com

By: Daniel Cohen (NY Bar No. 5481460)

SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
Email: emanuel@sagelegal.nyc

By: Emanuel Kataev (NY Bar No. 5154588)

*Attorneys for Plaintiff*

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699
(501) 371-0808
Fax: (501) 376-9442
Email: dljones@wlj.com

By: Daveante Jones (2016163)

*Attorneys for Defendants*

[redacted]

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Friday, July 17, 2026 6:46 AM
**To:** Daveante Jones; Emanuel Kataev
**Cc:** Irina Iakovleva; Alivia Cooney; Jonathan Krikheli; Daniel Cohen; Glenn Liberman; Rita Malinovski; Mia Manuel
**Subject:** <EXTERNAL>Re: Yvonne Houston, Case No. 4:25-CV-859 | Proposed Protective Order/Defendants' First Set of Discovery Requests

Thank you so much.
@Emanuel Kataev, please see below.

Sincerely,

Sage Legal

**Mia Kristensen, Legal Assistant**

mkristensen@sagelegal.nyc
(718) 301-6334

1411 Broadway, 29th Floor
New York, NY 10018-1976

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

18211 Jamaica Avenue
Jamaica, NY 11423-2327

173 54th Street
Brooklyn, NY 11220-2505

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

6829 Main Street,
Flushing, NY 11367

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

---

**From:** Daveante Jones <dljones@wlj.com>
**Sent:** Thursday, July 16, 2026 3:41 PM
**To:** Mia Kristensen <mkristensen@sagelegal.nyc>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>; Daniel Cohen <dcohen@consumerattorneys.com>; Glenn Liberman <gliberman@sagelegal.nyc>; Rita Malinovski <rmalinovski@consumerattorneys.com>; Mia Manuel <mmanuel@sagelegal.nyc>
**Subject:** RE: Yvonne Houston, Case No. 4:25-CV-859 | Proposed Protective Order/Defendants' First Set of Discovery Requests

Good afternoon,

Your request is granted.

[redacted]

Thanks,

Daveante

WRIGHT LINDSEY JENNINGS

Daveante Jones
ATTORNEY
501.212.1332 | dljones@wlj.com

Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201
Main 501.371.0808 | Fax 501.376.9442 | wlj.com
Follow us on *Twitter* **@WLJEmployment**

This e-mail is for the sole use of the intended recipient or recipients and may contain information or material that is confidential, attorney-client privileged, and/or attorney work product. If you receive this e-mail in error, please contact the sender, delete the original and all copies of the e-mail, and destroy any other hard copies of it. No waiver of any privilege or the work product doctrine is intended.

Additionally, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Thursday, July 16, 2026 12:26 PM
**To:** Daveante Jones <dljones@wlj.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>; Daniel Cohen <dcohen@consumerattorneys.com>; Glenn Liberman <gliberman@sagelegal.nyc>; Rita Malinovski <rmalinovski@consumerattorneys.com>; Mia Manuel <mmanuel@sagelegal.nyc>
**Subject:** <EXTERNAL>Re: Yvonne Houston, Case No. 4:25-CV-859 | Proposed Protective Order/Defendants' First Set of Discovery Requests

Good afternoon
Dear Counsel,

I hope you are doing well.

I am writing to respectfully request a 21-day extension of time to serve our responses to the outstanding discovery requests. Due to our current workload and scheduling demands, we would appreciate an extension of the response deadline by 21 days.

This request is made in good faith and is not intended to cause unnecessary delay or prejudice. We are working diligently to prepare complete and thorough responses and appreciate your professional courtesy in granting this extension.

Please let me know if you are agreeable to this request. Thank you for your consideration, and I look forward to your response.

Sincerely,

Sage Legal

**Mia Kristensen, Legal Assistant**

mkristensen@sagelegal.nyc
(718) 301-6334

1411 Broadway, 29th Floor
New York, NY 10018-1976

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

18211 Jamaica Avenue
Jamaica, NY 11423-2327

173 54th Street
Brooklyn, NY 11220-2505

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

6829 Main Street,
Flushing, NY 11367

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

---

**From:** Daveante Jones <dljones@wlj.com>
**Sent:** Tuesday, June 16, 2026 10:45 AM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>; Mia Kristensen <mkristensen@sagelegal.nyc>
**Cc:** Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>; Daniel Cohen <dcohen@consumerattorneys.com>
**Subject:** RE: Yvonne Houston, Case No. 4:25-CV-859 | Proposed Protective Order/Defendants' First Set of Discovery Requests

**Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

---

Good morning,

Hope everyone is doing well. Wanted to follow up on the draft protective order. You okay with it? Wanted to get it filed with the Court.

Also, wanted to go ahead and get over our first set of discovery requests. See attached.

[redacted]

Thanks,
Daveante

WRIGHT LINDSEY JENNINGS

Daveante Jones
ATTORNEY
501.212.1332 | dljones@wlj.com

Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201
Main 501.371.0808 | Fax 501.376.9442 | wlj.com
Follow us on *Twitter* **@WLJEmployment**

This e-mail is for the sole use of the intended recipient or recipients and may contain information or material that is confidential, attorney-client privileged, and/or attorney work product. If you receive this e-mail in error, please contact the sender, delete the original and all copies of the e-mail, and destroy any other hard copies of it. No waiver of any privilege or the work product doctrine is intended.

Additionally, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

[redacted]

[redacted]

WRIGHT LINDSEY JENNINGS
Little Rock | Rogers | wlj.com | est. 1900

200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201-3699 | Main 501.371.0808 | Fax 501.376.9442

Daveante Jones
ATTORNEY
Direct: 501.212.1332 | dljones@wlj.com

August 18, 2026

**Via Email & US Mail**
Daniel Cohen
Consumer Attorneys PLLC
6829 Main Street
Flushing, NY 11367-1305
*dcohen@consumerattorneys.com*

Emanuel Kataev
Sage Legal LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
*emanuel@sagelegal.nyc*

RE: *Yvonne Houston v. Ozark Automotive Distributors, Inc. d/b/a O'Reilly Auto Parts, et al.*
U.S. District Court Eastern District Case No. 4:25-CV-859 JM

---

Dear Counsel:

On June 16, 2026, defense counsel served plaintiff with defendants' first set of interrogatories and requests for production of documents. In accordance with the Federal Rules of Civil Procedure, plaintiff's responses were due July 16, 2026. On July 16, 2026, plaintiff's counsel requested a twenty-one (21) day extension of the deadline for plaintiff to respond. Defendants granted that request moving the deadline for plaintiff to respond to August 6, 2026.

To date, defense counsel has not received plaintiff's responses. **If we have not received complete responses to defendants' first set of interrogatories and requests for production of documents, without objections, within five (5) days, a motion to compel will be filed with the Court.** In accordance with Rule 37 of the Federal Rules of Civil Procedure, please consider this defense counsel's good faith attempt to resolve this matter without the Court's intervention.

If you have any questions regarding this matter, please do not hesitate to contact me.

Respectfully,

WRIGHT, LINDSEY & JENNINGS LLP

Daveante Jones

[redacted]

**From:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Sent:** Tuesday, August 18, 2026 9:58 AM
**To:** Daveante Jones; Daniel Cohen
**Cc:** Mia Kristensen; Irina Iakovleva; Alivia Cooney; Jonathan Krikheli; Glenn Liberman; Rita Malinovski; Maya
**Subject:** <EXTERNAL>Re: Yvonne Houston, Case No. 4:25-CV-859 | Good Faith Ltr re Defendants' First Set of Discovery Requests

Hi, Attorney Jones:

You will have them today; it slipped through the cracks following a meeting with the client to finalize responses.

Best,


Sage Legal

**Emanuel Kataev, Esq.**

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT



(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)
emanuel@sagelegal.nyc

1411 Broadway, 29th Floor
New York, NY 10018-1976

173 54th Street
Brooklyn, NY 11220-2505

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

18211 Jamaica Avenue
Jamaica, NY 11423-2327

6829 Main Street,
Flushing, NY 11367


---

**From:** Daveante Jones <dljones@wlj.com>
**Sent:** Tuesday, August 18, 2026 10:45
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>; Daniel Cohen <dcohen@consumerattorneys.com>
**Cc:** Mia Kristensen <mkristensen@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>; Glenn Liberman <gliberman@sagelegal.nyc>; Rita Malinovski <rmalinovski@consumerattorneys.com>; Maya <maya@sagelegal.nyc>
**Subject:** Yvonne Houston, Case No. 4:25-CV-859 | Good Faith Ltr re Defendants' First Set of Discovery Requests

Good morning,

Defendants are reaching out in good faith regarding plaintiff's responses to defendants' first set of interrogatories and requests for production of documents. See related letter and email correspondence attached.

Thanks,

Daveante

WRIGHT
LINDSEY
JENNINGS

Daveante Jones
ATTORNEY
501.212.1332 | dljones@wlj.com

Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201
Main 501.371.0808 | Fax 501.376.9442 | wlj.com
Follow us on *Twitter* **@WLJEmployment**

This e-mail is for the sole use of the intended recipient or recipients and may contain information or material that is confidential, attorney-client privileged, and/or attorney work product. If you receive this e-mail in error, please contact the sender, delete the original and all copies of the e-mail, and destroy any other hard copies of it. No waiver of any privilege or the work product doctrine is intended.

Additionally, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any tax-related matters addressed herein.

[redacted]

**From:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Sent:** Monday, August 24, 2026 4:34 PM
**To:** Daveante Jones; Irina Iakovleva; Alivia Cooney; Glenn Liberman; Rita Malinovski; Jonathan Krikheli; Daniel Cohen; Maya
**Cc:** Wynne James
**Subject:** <EXTERNAL>Re: Yvonne Houston, Case No. 4:25-CV-859 | Proposed Protective Order

Thank you for the professional courtesy. [redacted]

Sent from my iPhone

Sage Legal

Emanuel Kat

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT

(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)

emanuel@sagelegal.nyc

1411 Broadway, 29th Floor
New York, NY 10018-1976

173 54th Street
Brooklyn, NY 11220-2505

45 Glen C
Greenvale

1981 Marc
New Hyde

---

**From:** Daveante Jones <dljones@wlj.com>
**Sent:** Monday, 24 August 2026 17:33:06
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Glenn Liberman <gliberman@sagelegal.nyc>; Rita Malinovski

<rmalinovski@consumerattorneys.com>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>; Daniel Cohen <dcohen@consumerattorneys.com>; Maya <maya@sagelegal.nyc>
**Cc:** Wynne James <WJames@wlj.com>
**Subject:** RE: Yvonne Houston, Case No. 4:25-CV-859 | Proposed Protective Order

Hey Emanuel,

We will hold off on filing anything with the Court until Monday morning.

[redacted]

Thanks,
Daveante

WRIGHT LINDSEY JENNINGS

Daveante Jones
ATTORNEY
501.212.1332 | dljones@wlj.com

Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201
Main 501.371.0808 | Fax 501.376.9442 | wlj.com
Follow us on *Twitter* **@WLJEmployment**

This e-mail is for the sole use of the intended recipient or recipients and may contain information or material that is confidential, attorney-client privileged, and/or attorney work product. If you receive this e-mail in error, please contact the sender, delete the original and all copies of the e-mail, and destroy any other hard copies of it. No waiver of any privilege or the work product doctrine is intended.

Additionally, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

**From:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Sent:** Monday, August 24, 2026 10:27 AM
**To:** Daveante Jones <dljones@wlj.com>
**Cc:** Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>; Glenn Liberman <gliberman@sagelegal.nyc>; Rita Malinovski <rmalinovski@consumerattorneys.com>; Maya <maya@sagelegal.nyc>; Daniel Cohen <dcohen@consumerattorneys.com>
**Subject:** <EXTERNAL>Re: Yvonne Houston, Case No. 4:25-CV-859 | Proposed Protective Order

Also, please let me know if I can have until Friday to submit responses to discovery demands. I am traveling today and am booked up tomorrow. [redacted]

Thanks,

Sage Legal

**Emanuel Kataev, Esq.**

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT



(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)
emanuel@sagelegal.nyc

1411 Broadway, 29th Floor
New York, NY 10018-1976

173 54th Street
Brooklyn, NY 11220-2505

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

18211 Jamaica Avenue
Jamaica, NY 11423-2327

6829 Main Street,
Flushing, NY 11367

---

[redacted]

[redacted]

[redacted]

Sage Legal

**Emanuel Kataev, Esq.**

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT



(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)
emanuel@sagelegal.nyc

1411 Broadway, 29th Floor
New York, NY 10018-1976

173 54th Street
Brooklyn, NY 11220-2505

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

18211 Jamaica Avenue
Jamaica, NY 11423-2327

6829 Main Street,
Flushing, NY 11367