IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YVONNE HOUSTON PLAINTIFF

VS. CASE NO. 4:25CV00859-JM

OZARK AUTOMOTIVE DISTRIBUTORS, INC., d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS DEFENDANTS

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Defendants[1] respectfully request that this Court, pursuant to Federal Rules of Civil Procedure 33, 34, and 37, enter an order compelling plaintiff to produce full and accurate responses defendants' interrogatories and requests for production.

## I. Relevant Factual Background

Plaintiff brings claims pursuant to 42 U.S.C. § 1981 ("Section 1981") and the Arkansas Civil Rights Act (ACRA) alleging she was wrongfully terminated by defendants after being subjected to discrimination, retaliation, and a hostile work environment during her employment. *See* ECF Doc. 1. Plaintiff filed her complaint on August 22, 2025. *Id.* She then served Ozark Automotive Distributors and Sonya Shrum on November 6, 2025. *See* ECF Doc. 7. Ozark and Shrum filed a timely answer on December 18, 2025. *See* ECF Doc. 13. On January 5, 2026, the Court extended

[1] Defendants assert that Ozark Automotive Distributors, Inc. is incorrectly named as a defendant as it did not employ plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and is, therefore, not plaintiff's employer as defined by Section 1981 and ACRA. *See* ECF Doc. 23, ¶ 91. Additionally, individual defendant Rickey Scogin is incorrectly named as "Rickey Scoggins" in plaintiff's complaint. *Id.*, at pg. 1.

plaintiff's deadline to serve Alex Boyd and Rickey Scogin with a complaint and summons until February 27, 2026. *See* ECF Doc. 17. Defense counsel agreed to waive service on behalf of defendants Alex Boyd and Rickey Scogin on February 5, 2026. *See* ECF Doc. 19. Defendants then amended their answer to incorporate Boyd's and Scogin's answer to plaintiff's complaint on March 30, 2026. *See* ECF Doc. 23.

The parties jointly entered their Rule 26(f) report on February 17, 2026, at which time they mutually agreed on an appropriate discovery timeline. *See* ECF Doc. 20. The Court entered its Final Scheduling Order on February 23, 2026. *See* ECF Doc. 21. On June 16, 2026, defense counsel served plaintiff with defendants' first set of interrogatories and requests for production of documents pursuant to Fed. R. Civ. P. 33 and 34. *See* Exhibit A, pgs. 1–20. In accordance with the Federal Rules of Civil Procedure, plaintiff's responses were due July 16, 2026. On July 16, 2026, plaintiff's counsel requested a twenty-one (21) day extension of the deadline for plaintiff to respond. *Id.*, pgs. 21–23. Defendants granted that request moving the deadline for plaintiff to respond to August 6, 2026. *Id.*

On August 18, 2026, having not received plaintiff's responses, defense counsel sent plaintiff's counsel a good-faith letter in accordance with Fed. R. Civ. P. 37, stating that defendants would seek Court intervention if plaintiff did not respond to defendants' discovery requests within five (5) days. *Id.*, pgs. 24–25. Plaintiff's counsel responded to the letter via email that defendants would receive plaintiff's responses by the end of the day. *Id.*, at pgs. 26–27. Defendants, however, did not receive the responses by the end of the day.

On August 24, 2026, plaintiff's counsel requested another extension of the response deadline until August 28, 2026, to respond to defendants' discovery requests. *Id.*, at pgs. 28–30. Defense counsel expressed that defendants would hold off on seeking any Court intervention until Monday, August 31, 2026. *Id*. As of August 31, 2026, plaintiff has not responded to defendants' discovery requests.

## II. Legal Argument

Fed. R. Civ. P. 33(b)(2) requires that a party to whom interrogatories or requests for production of documents have been served shall serve a copy of the answers or objections within thirty (30) days after service of the interrogatories or the requests for production of documents. A party that fails to respond or otherwise comply with a proper discovery request may be subject to a motion to compel under Fed. R. Civ. P. 37. *See Robinson v. Potter*, 453 F.3d 990 (995) (8th Cir. 2006) (citing *Firefighters Inst. For Racial Equal. V. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000)). Pursuant to Fed. R. Civ. P. 33 and 34, plaintiff was required to respond or object to defendants' interrogatories and requests for production within thirty (30) days of service. Despite an extension and multiple good faith attempts to resolve this matter without the Court's intervention, plaintiff has not responded to defendants' discovery requests.

## III. Conclusion

Pursuant to Rule 37, defendants request that the Court order plaintiff to serve full and complete responses to all outstanding discovery, including answers to

defendants first set of interrogatories and responses to defendants' first request for production, and grant any other relief the Court deems just and proper.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: dljones@wlj.com

Daveante Jones (2016163)
*Attorneys for Defendants*