IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YVONNE HOUSTON PLAINTIFF

VS. CASE NO. 4:25CV00859-JM

OZARK AUTOMOTIVE DISTRIBUTORS, INC., d/b/a
O'REILLY AUTO PARTS, SONYA SHRUM, ALEX
BOYD, AND RICKY SCOGGINS DEFENDANTS

**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Pursuant to Fed. R. Civ. P. 33, 34, and 37, defendants[1] request that the Court enter a second order compelling plaintiff to produce full and accurate responses defendants' interrogatories and requests for production, to withdraw her untimely and waived objections, and to execute the requested authorizations. For grounds, defendants state:

1. Plaintiff brings claims pursuant to 42 U.S.C. § 1981 ("Section 1981") and the Arkansas Civil Rights Act (ACRA) alleging she was wrongfully terminated by defendants after being subjected to discrimination, retaliation, and a hostile work environment during her employment. *See* ECF Doc. 1.

2. The parties jointly entered their Rule 26(f) report on February 17, 2026, at which time they mutually agreed on an appropriate discovery timeline. *See* ECF

[1] Defendants assert that Ozark Automotive Distributors, Inc. is incorrectly named as a defendant as it did not employ plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and is, therefore, not plaintiff's employer as defined by Section 1981 and ACRA. *See* ECF Doc. 23, ¶ 91. Additionally, individual defendant Rickey Scogin is incorrectly named as "Rickey Scoggins" in plaintiff's complaint. *Id.*, at pg. 1.

Doc. 20. The Court entered its Final Scheduling Order on February 23, 2026. *See* ECF Doc. 21.

3. Defendants served their first interrogatories and requests for production on June 16, 2026, making plaintiff's responses due July 16, 2026. *See* ECF Doc. 27, Ex. 1. At plaintiff's request, defendants extended that deadline to August 6, 2026.

4. On August 18, 2026, having not received plaintiff's responses, defense counsel sent plaintiff's counsel a good-faith letter in accordance with Fed. R. Civ. P. 37, stating that defendants would seek Court intervention if plaintiff did not respond to defendants' discovery requests within five (5) days. *See* ECF Doc. 27, Ex. 1. Plaintiff's counsel responded via email that defendants would receive plaintiff's responses by the end of the day. *Id.* Defendants, however, did not receive the responses by the end of the day. *See* ECF Doc. 27.

1. On August 24, 2026, plaintiff's counsel requested another extension of the response deadline until August 28, 2026, to respond to defendants' discovery requests. *See* ECF Doc. 27. Defense counsel expressed that defendants would hold off on seeking any Court intervention until Monday, August 31, 2026. *Id.*

2. Plaintiff did not respond to defendants' discovery requests by August 31, 2026. Consequently, defendants filed a motion to compel the same day. Plaintiff then failed to respond to defendants' motion by the 14-day response deadline in accordance with the Federal Rules of Civil Procedure. Following the deadline, the Court reached out to the parties via email on September 15, 2026, at 2:09 p.m. CST to see whether

plaintiff had responded to defendants' discovery requests. See the Court's and parties' email correspondence attached as Exhibit 1. Defendants informed the Court at 3:26 p.m. CST that plaintiff had not responded to defendants' discovery requests. *Id.* Plaintiff served her responses to defendants at 8:59 p.m. CST on September 15, 2026. *See* Exhibit 2. The Court eventually granted defendants' motion on September 17, 2026, and directed plaintiff to provide full and complete responses to the outstanding discovery within 10 days of its Order. *See* ECF Doc. 30.

3. Plaintiff's responses asserted untimely objections, were not verified, and failed to provide complete information and production concerning damages, mitigation, employment, benefits, medical information, and her emotional-distress claims. Plaintiff also failed to execute the requested tax, employment, and medical authorizations. *Id.*

4. Defendants sent another good-faith letter on October 1, 2026, requesting supplementation by October 16, 2026. *See* Exhibit 3. As of November 5, 2026, plaintiff has neither responded to that letter nor supplemented her discovery responses.

5. Accordingly, defendants request an order compelling plaintiff's response to defendants' discovery requests pursuant to Fed. R. Civ. P. 37(a). Defendants have conferred in good faith with plaintiff on the disputed issues but have not been able to resolve their disagreements without the intervention of the Court.

6. In support of this motion, defendants rely on the brief being filed simultaneously herewith, the Court's and the parties' correspondence regarding

defendants' August 31, 2026, motion to compel (Exhibit 1), plaintiff's responses to discovery (Exhibit 2), and defendants' October 1, 2026, good faith letter (Exhibit 3).

WHEREFORE, defendants respectfully request that the Court compel plaintiff to:

a. Provide full and complete responses and production responsive to Defendants' first interrogatories and requests for production;

b. Withdraw all waived and untimely objections and produce all information and materials withheld on those grounds;

c. Serve signed verifications for all interrogatory answers and supplemental answers;

d. Execute the requested tax, employment, and medical authorizations and releases;

e. Complete the required responses, production, verifications, authorizations, and releases within fourteen days after entry of the Court's order;

f. Pay defendants' reasonable expenses and attorneys' fees incurred in bringing this Motion pursuant to Rule 37; and

g. Grant any other relief the Court deems just and proper.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: dljones@wlj.com
wjames@wlj.com

Daveante Jones (2016163)
S. Wynne James (2026156)
*Attorneys for Defendants*