**From:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Sent:** Tuesday, September 15, 2026 8:59 PM
**To:** Daveante Jones
**Cc:** dcohen@consumerattorneys.com
**Subject:** <EXTERNAL>Re: 4:25-cv-00859-JM Houston v. Ozark Automotive Distributors Inc et al
**Attachments:** 2026-09-15 FINAL Responses to Interrogatories.pdf; 2026-09-15 FINAL Responses to RFPs.pdf; P1-P28.pdf

Dear Daveante:

Please see attached Plaintiff's responses to discovery demands and first production of documents. Upon review, let me know whether you need Plaintiff to supplement her responses and we can meet-and-confer.

Best,

Sage Legal

**Emanuel Kataev, Esq.**

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT



(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)
emanuel@sagelegal.nyc

1411 Broadway, 29th Floor
New York, NY 10018-1976

173 54th Street
Brooklyn, NY 11220-2505

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

18211 Jamaica Avenue
Jamaica, NY 11423-2327

6829 Main Street,
Flushing, NY 11367

---

**From:** Emanuel Kataev <mail@emanuelkataev.com>
**Sent:** Tuesday, September 15, 2026 16:35
**To:** Daveante Jones <dljones@wlj.com>; Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** Amy Russell <Amy_Russell@ared.uscourts.gov>; dcohen@consumerattorneys.com <dcohen@consumerattorneys.com>
**Subject:** Re: 4:25-cv-00859-JM Houston v. Ozark Automotive Distributors Inc et al

Hi, Ms. Russell:

Plaintiff intends to provide responses no later than tomorrow and will meet-and-confer with Defendants' counsel concerning same before requesting leave to submit a late opposition to the extent the same is necessary.

Respectfully submitted,



**EXHIBIT 2**

**Emanuel Kataev, Esq.**
(917) 807-7819 (cellular)
mail@emanuelkataev.com

This message and its attachments may contain confidential information that is legally privileged. If you are not the intended recipient, you are hereby notified that any printing, copying, forwarding, or saving of this message is strictly prohibited. If you have received this email in error, please notify the sender immediately and delete the message and any attachment from your system.

On Tue, Sep 15, 2026 at 4:26 PM Daveante Jones <dljones@wlj.com> wrote:

Hey Amy,

Plaintiff has still **not** responded to defendants' discovery requests.

Thanks,

Daveante

Daveante Jones
ATTORNEY
501.212.1332 | dljones@wlj.com

Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201
Main 501.371.0808 | Fax 501.376.9442 | wlj.com

Follow us on *Twitter* **@WLJEmployment**

This e-mail is for the sole use of the intended recipient or recipients and may contain information or material that is confidential, attorney-client privileged, and/or attorney work product. If you receive this e-mail in error, please contact the sender, delete the original and all copies of the e-mail, and destroy any other hard copies of it. No waiver of any privilege or the work product doctrine is intended.

Additionally, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Amy Russell <Amy_Russell@ared.uscourts.gov>
**Sent:** Tuesday, September 15, 2026 2:09 PM
**To:** dcohen@consumerattorneys.com; Daveante Jones <dljones@wlj.com>; mail@emanuelkataev.com
**Subject:** <EXTERNAL>4:25-cv-00859-JM Houston v. Ozark Automotive Distributors Inc et al

Counsel, the response to the pending motion to compel was due yesterday. Did the parties resolve the discovery issue? Thank you. Amy

Amy Russell
Law Clerk to the

Honorable James M. Moody Jr.
501-604-5150

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| YVONNE HOUSTON,<br><br>Plaintiff,<br><br>vs.<br><br>OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS,<br><br>Defendants. | Case No.: 4:25-cv-859 (JMM)<br><br>**PLAINTIFF'S RESPONSES & OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

## GENERAL OBJECTIONS

Plaintiff's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Plaintiff's General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5. Plaintiff objects to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the demands are overbroad to the extent that they cover time periods not relevant to the instant litigation.

6. Plaintiff objects to Defendants' demands to the extent they are so overbroad that they impose an undue burden.

7. Plaintiff objects to Defendants' demands to the extent they are unreasonably vague and ambiguous.

8. Plaintiff objects to Defendants' demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9. Plaintiff objects to Defendants' demands to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Plaintiff's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Plaintiff objects to Defendants' demands to the extent they assume facts that have not been established. Plaintiff specifically reserves the right to object to the factual assumption made in these demands.

12. Plaintiff objects to Defendants' demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure (the "Rules" or "Rule") and the local rules of this Court and (ii) attempt to place obligations upon Plaintiff which are inconsistent with those rules. Plaintiff will respond to Defendants' demands in accordance with the applicable rules.

All of Plaintiff's answers are made subject to the above comments and qualifications.

## SPECIFIC INTERROGATORIES AND RESPONSES

**INTERROGATORY NO. 1 (6 interrogatories; 6 requests running total)**

Please state the name, address, place of employment and telephone number of each and every person who has knowledge of any facts upon which you base the allegations made in your lawsuit and specify, by name of each such individual, the act or acts and dates thereof about which he or she has knowledge.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and requires speculation.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to her Rule 26 Initial Disclosures. Plaintiff specifically refers to Mr. Ronald Turner, Mr. Josh McKea, Ms. Danielle Gimmell, Mr. Billy McClellan, and Defendants. Plaintiff further identifies Marie Pope, Arlie Lewis, Arlie Turner, and individuals known to her only as Floyd and Ariana. Plaintiff reserves the right to amend this response as Discovery is ongoing.**

**INTERROGATORY NO. 2 (5 interrogatories; 11 requests running total)**

Please state the name, address, place of employment and telephone number of each witness you will or may call at the trial of this matter, and state, with respect to each, the expected subject matter of his or her testimony.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, premature and requires speculation.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to her Rule 26 Initial Disclosures. Plaintiff incorporates her response to Interrogatory No. 1.**

INTERROGATORY NO. 3 (5 interrogatories; 16 requests running total)

Please state the name, business address, phone number, occupation, and qualification of each person you intend to employ or use as an expert witness in this case.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, premature and requires speculation.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff has not yet retained an expert at this time. Plaintiff will disclose any expert at the appropriate time per the Rules.**

**INTERROGATORY NO. 4 (4 interrogatories; 20 requests running total)**

For each person identified in response to Interrogatory No. 3 who you intend to call as an expert witness at trial or at any hearing, identify such expert and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and summary of the grounds for each opinion.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to her response to Interrogatory No. 3.**

**INTERROGATORY NO. 5 (3 interrogatories; 23 requests running total)**

Please state the type and amount of damages, including front and back pay, that you claim is owed by defendants and set forth in the same detail that you intend to present at trial the calculation of damages.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it requires speculation and is premature as discovery is still ongoing.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to her Complaint, Document Production, and Rule 26 Initial Disclosures.**

**INTERROGATORY NO. 6 (1 interrogatory; 24 requests running total)**

Identify all persons with knowledge or information of damages or calculation of such damages included in your response to Interrogatory No. 5.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it requires speculation and is premature as discovery is still ongoing.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to her Rule 26 Initial Disclosures.**

**INTERROGATORY NO. 7 (6 interrogatories; 30 requests running total)**

Please identify all statements, reports, tape recordings, or memorandum from any person that in any way pertains to any matters involving the allegations in this lawsuit that was secured or obtained by you or any attorney or representative on your behalf. If you contend that such statements, reports, tape recording or memoranda

are privileged, state the basis for your claims of privilege and provide a privilege log.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the psychotherapist-patient privilege, doctor-patient privilege, attorney-client privilege, and/or work product doctrine.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to her Complaint, Document Production, and Rule 26 Initial Disclosures.**

**INTERROGATORY NO. 8 (2 interrogatories; 32 requests running total)**

Please identify and briefly describe all exhibits that you will offer for introduction into evidence at trial or upon which you will otherwise rely at the trial of this cause.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it requires speculation and is vague, overly broad, and premature as discovery is still ongoing.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to her Document Production and Rule 26 Initial Disclosures.**

**INTERROGATORY NO. 9 (8 interrogatories; 40 requests running total)**

Please list each job that you have held over the past five years and for each employer please state:

(a) The name of the employer;

(b) The employer's address;

(c) Dates of employment;

(d) Position title;

(e) Reason left employment;

(f) Supervisor's name at time left the employment;

(g) Rate of pay; and

(h) Fringe benefits available and received.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to her Complaint and Rule 26 Initial Disclosures. Plaintiff further states that she worked for O'Reilly's in Wisconsin for six years and for Defendant for one year. Plaintiff further worked for non-party Dollar General from September 31, 2024, through November 1, 2025.**

**INTERROGATORY NO. 10 (2 interrogatories; 42 requests running total)**

Identify all periods of time after your employment with Store #840 ended when you were not available for work due to illness or injury, stating specifically the dates and reasons for your unavailability.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to her Complaint and Rule 26 Initial Disclosures. Plaintiff further states that she does not recall missing work due to being sick or injured.**

**INTERROGATORY NO. 11 (1 interrogatory; 43 requests running total)**

Describe in detail your efforts to find employment after your employment at Store #840 ended.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff states that she was employed with non-party Dollar General from September 31, 2024, through November 1, 2025.**

**INTERROGATORY NO. 12 (2 interrogatories; 45 requests running total)**

Please state every self-employment activity you have engaged in since your employment at Store #840 ended and the amounts of income received therefrom.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under**

**Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff states that she has not been self-employed since she stopped working for Defendant.**

**INTERROGATORY NO. 13 (7 interrogatories; 52 requests running total)**

Have you ever applied for unemployment compensation, workers' compensation, social security, or disability payments? If so, state the date or dates of each and the state or federal agency with which the claim or claims were filed. If you received unemployment benefits, please state for what period of time you received those benefits.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the attorney-client privilege, and/or work product doctrine.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under**

**Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff states that she has not applied for or received the payments listed by Defendant.**

**INTERROGATORY NO. 14 (1 interrogatory; 53 requests running total)**

Please identify each physician or health care provider (including mental health care providers/psychologists/psychiatrists) you consulted with or were treated by in the last 5 years.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the psychotherapist-patient privilege, doctor-patient privilege, attorney-client privilege, and/or work product doctrine. Plaintiff further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including medical information, and reserves the right to seek a protective order under Rule 26(c).**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**INTERROGATORY NO. 15 (1 interrogatory; 54 requests running total)**

List all medical prescriptions you have had in the last 5 years.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the psychotherapist-patient privilege, doctor-patient privilege, attorney-client privilege, and/or work product doctrine. Plaintiff further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including medical information, and reserves the right to seek a protective order under Rule 26(c).**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**INTERROGATORY NO. 16 (3 interrogatories; 57 requests running total)**

List the case style, case number, and court for each lawsuit (including criminal matters and bankruptcies) in which you have been either a plaintiff or defendant.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff objects to this request as intended to harass Plaintiff.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff states that she has not been involved in a prior lawsuit or criminal proceeding.**

**INTERROGATORY NO. 17 (1 interrogatory; 58 requests running total)**

Please state whether you currently maintain (or at any time in the past five years have maintained) a personal log, diary, calendar or other record of your daily activities.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, and not relevant and proportional to the needs of this case. Plaintiff objects to this request as intended to harass Plaintiff.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to her Complaint, Document Production, and Rule 26 Initial Disclosures.**

Dated: Jamaica, New York
September 15, 2026

Respectfully submitted,

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
Sage Legal LLC
*Admitted Pro Hac Vice*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

Daniel Cohen, Esq., NY Bar # 5481460
Consumer Attorneys PLLC
68-29 Main Street
Flushing, NY 11367
(718) 770-7901 (office)
(718) 247-8020 (facsimile)
dcohen@consumerattonreys.com

*Attorneys for Plaintiff*
*Yvonne Houston*

**CERTIFICATE OF SERVICE**

This is to certify that on September 15, 2026, I electronically transmitted the foregoing document to Defendants' counsel of record via email.

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| YVONNE HOUSTON,<br><br>Plaintiff,<br><br>vs.<br><br>OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS,<br><br>Defendants. | Case No.: 4:25-cv-859 (JMM)<br><br>**PLAINTIFF'S RESPONSES & OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

## GENERAL OBJECTIONS

Plaintiff's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Plaintiff's General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5. Plaintiff objects to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the demands are overbroad to the extent that they cover time periods not relevant to the instant litigation.

6. Plaintiff objects to Defendants' demands to the extent they are so overbroad that they impose an undue burden.

7. Plaintiff objects to Defendants' demands to the extent they are unreasonably vague and/or ambiguous.

8. Plaintiff objects to Defendants' demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9. Plaintiff objects to Defendants' demands to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Plaintiff's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Plaintiff objects to Defendants' demands to the extent they assume facts that have not been established. Plaintiff specifically reserves the right to object to the factual assumption made in these demands.

12. Plaintiff objects to Defendants' demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure (hereinafter referred to as the "Rules" or "Rule") and the local rules of this Court and (ii) attempt to place obligations upon Plaintiff which are inconsistent with those rules.

13. Plaintiff will respond to Defendants' demands in accordance with the applicable rules.

All of Plaintiff's answers are made subject to the above comments and qualifications.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents and recordings identified by you in your responses to defendants' first set of interrogatories.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents, tangible items, electronic items and recordings that have any relevance to your claims or to defendants' defenses, whether or not you intend to offer them as exhibits at trial.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks

information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents, recordings and exhibits that you intend to introduce or refer to at trial or any deposition or hearing in this matter.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, premature, requires speculation, and seeks information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents including, but not limited to, notes, diaries, logs and correspondence, and all recordings, that relate in any way to each conversation or communication between you or anyone acting on your behalf and any current or former officer, director, employee, agent or representative of defendants relating to your claims in the complaint or to any defenses raised by defendants.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all online profiles, postings, messages (including, but not limited to, tweets, replies, retweets, direct messages, status updates, wall comments, groups

joined, activity streams, and blog entries), photographs, videos, and online communications that:

(a) Refer or relate in any manner to your employment at Store #840;

(b) Refer or relate in any manner to the allegations set forth in your complaint;

(c) Refer or relate in any manner to any facts or defenses raised in the answer;

(d) Reveal, refer or relate to any emotion, feeling, or mental state regarding your employment at Store #840;

(e) Reveal, refer or relate to your health, physical condition, or mental state regarding your employment at Store #840; or

(f) Reveal, refer, relate to events that could be reasonably be expected to produce a significant emotion, feeling, or mental state regarding your employment.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff is not in possession, custody, or control of any responsive documents at this time. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of

their objections.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents including, but not limited to, statements and affidavits that any current or former employees, officers, directors, agents or representatives of defendants were asked to prepare or sign.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this demand to the extent that it is premature, and seeks information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all state and federal income tax returns filed by you for 2021, 2022, 2023, 2024, and 2025, including W-2s.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Plaintiff

further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including financial information, and reserves the right to seek a protective order under Rule 26(c). Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff will not respond to this request on the basis of her objections. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all check stubs or other documents showing the rates of pay and hours and days for which you received pay for any period since 2021 for which income tax returns are unavailable.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Plaintiff further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including financial information, and reserves the right to seek a protective order under Rule 26(c). Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff is not in possession, custody, or control of any responsive documents at this

time. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all check stubs or other documents showing the rates of pay and hours and days for which you received pay for any period since your employment at Store #840 ended for which income tax returns are unavailable, specifically including pay stubs from your current employer.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and duplicative of the prior Request. Plaintiff further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including financial information, and reserves the right to seek a protective order under Rule 26(c). Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff is not in possession, custody, or control of any responsive documents at this time. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being

withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all documents relating to or supporting any and all alleged damages, including both pecuniary and non-pecuniary losses, that you claim to have suffered as a result of any alleged unlawful or wrongful conduct by defendants.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, duplicative of prior Requests, and seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including financial information, and reserves the right to seek a protective order under Rule 26(c). Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all correspondence and recordings of conversations between you or anyone acting on your behalf and any current or former officer, director, employee, agent, or representative of defendants.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents and recordings reflecting, referring or relating to each complaint by you regarding your employment or the way you were treated by defendants.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and duplicative

of prior Requests. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce a detailed résumé and/or vitae and all reports of each expert witness expected to testify and copies of any articles or works written by them on the subject matter for which they are expected to testify.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this demand to the extent that it is premature, overly broad, unduly burdensome, requires speculation, and is not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff is not in possession, custody, or control of any responsive documents at this time. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all documents including but not limited to diaries, notes, memoranda or records of telephone conversations, personal conversations, personal observations or opinions reduced to writing, and all recordings, relating to your employment at Store #840 or the claims in your complaint not otherwise requested herein.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, duplicative of prior requests, and seeks information protected by the psychotherapist-patient privilege, doctor-patient privilege, attorney-client privilege, and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all records that document your attempts to find employment with any employer since 2024, including any efforts made since your employment at Store #840 ended.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all records or documents relating to any claim for unemployment compensation, workers' compensation, or disability benefits made between 2024 and the present.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this demand to the extent that, with respect to "all records or documents," it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff is not in possession, custody, or control of any responsive documents at this time. Plaintiff reserves the

right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce a copy of each résumé or curriculum vitae of plaintiff.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff is not in possession, custody, or control of any responsive documents at this time. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce copies of all materials you furnished to or received from the Department of Workforce Services, Board of Review, Arkansas Appeals Tribunal or other agency in connection with any claim for unemployment benefits since 2024.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this demand to the extent that, with respect to "all materials," it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff is not in possession, custody, or control of any responsive documents at this time. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 19:**

If you currently maintain (or in the past five years have maintained) a personal log or diary or other notebook or calendar, please provide any and all entries drafted during or relating to your employment at Store #840.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional

responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 20:**

If you made a report or complained to defendants (including but not limited to any supervisor or administrative department, such as Human Resources) about the claim(s) alleged in this lawsuit, please produce all documents relating to any such report(s) or complaint(s) and any response(s) provided by defendants.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this demand to the extent that it seeks documents already in Defendant's possession, custody, or control, including documents generated, maintained, or received by Defendant and its employees or agents. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 21:**

If you made a report or complained to any government agency about the claim(s) alleged in this lawsuit, please produce all documents relating to any such report(s) or complaint(s) and any response(s) provided by such agency.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this demand to the extent that, with respect to "all documents," it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 22:**

Please complete, execute and return the enclosed releases for employment and medical information, requests for copies of state tax forms, and Consent for Release of Information of Social Security Administration records.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Plaintiff further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including medical and financial information, and reserves the right to seek a protective order under Rule 26(c). Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff will not be responding to this request on the basis of her objections. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all documents on which you rely to support a claim of compensatory or punitive damages on the part of defendants.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this demand to the extent that, with respect to "all documents," it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of

the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all documents on which you rely to support the allegations in ¶ 24 of your complaint.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to this demand to the extent that, with respect to "all documents," it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this demand to the extent that it seeks documents already in Defendant's possession, custody, or control, including documents generated, maintained, or received by Defendant and its employees or agents. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to

Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce all documents on which you rely to support the allegations in ¶ 25 of your complaint.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to this demand to the extent that, with respect to "all documents," it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this demand to the extent that it seeks documents already in Defendant's possession, custody, or control, including documents generated, maintained, or received by Defendant and its employees or agents. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff is not in possession, custody, or control of any responsive documents at this time. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce all documents on which you rely to support the allegations in ¶ 35 of your complaint.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this demand to the extent that, with respect to "all documents," it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this demand to the extent that it seeks documents already in Defendant's possession, custody, or control, including documents generated, maintained, or received by Defendant and its employees or agents. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all documents on which you rely to support the allegations in ¶ 48 of your complaint.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this demand to the extent that, with respect to "all documents," it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this demand to the extent that it seeks documents already in Defendant's possession, custody, or control, including documents generated, maintained, or received by Defendant and its employees or agents. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to her first production of documents Bates stamped P1-P28. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all documents on which you rely to support the allegations in ¶ 23 of your complaint.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this demand to the extent that, with respect to "all documents," it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks information protected by the attorney-client privilege

and/or work product doctrine. Plaintiff further objects to this demand to the extent that it seeks documents already in Defendant's possession, custody, or control, including documents generated, maintained, or received by Defendant and its employees or agents. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff is not in possession, custody, or control of any responsive documents at this time. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

Dated: Jamaica, New York
September 15, 2026

Respectfully submitted,
*/s/ Emanuel Kataev, Esq.*

Emanuel Kataev, Esq.
Sage Legal LLC
*Admitted Pro Hac Vice*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

Daniel Cohen, Esq., NY Bar # 5481460
Consumer Attorneys PLLC
6829 Main Street
Flushing, NY 11367
(718) 770-7901 (office)
(718) 247-8020 (facsimile)
dcohen@consumerattonreys.com

*Attorneys for Plaintiff*
*Yvonne Houston*

## CERTIFICATE OF SERVICE

This is to certify that on September 15, 2026, I electronically transmitted the foregoing document to Defendants' counsel of record via email.

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.

O'Reilly AUTO PARTS
PROFESSIONAL PARTS PEOPLE

eilly AUTO PARTS.
PROFESSIONAL PARTS PEOPLE

609 MORO
FORDYCE, AR 71742
(870) 352-5158
ww.oreillyauto.com

Store hours:
Sat: 07:30 AM-09:00 PM
09:00 AM-07:00 PM

48296 Yvonne
2024 12:31 PM Drawer: 4
40-152720 840WS186

*** REPRINT #3 ***

0.00

placement

** REPRINT #3 ***

Sub-Total 0.00
Sales Tax 0.00
Total 0.00

arranty/Garantia:
eillyauto.com/warranty

609 MORO
FORDYCE, AR 71742
(870) 352-5158
www.oreillyauto.com

Store hours:
n-Sat: 07:30 AM-09:00 PM
un: 09:00 AM-07:00 PM

Sonya
: 699174 Drawer: null
26/2024 12:10 PM 840WS187
: 840-136540

** HISTORICAL REPRINT ***
*** ON 08/25/2024 ***

23.99

)92
) SET
b Pickup

17.99

)
HANDL
LIFETIME WARRANTY

*** HISTORICAL REPRINT ***
*** ON 08/25/2024 ***

Sub-Total 41.98
Sales Tax 4.20
Total 46.18

VISA 3604 46.18

VISA Auth CD: 563465
REF# 264743552589

O'Reilly AUTO PARTS
PROFESSIONAL PARTS PEOPLE

609 MORO
FORDYCE, AR 71742
(870) 352-5158
www.oreillyauto.com

Store hours:
Mon-Sat: 07:30 AM-09:00 PM
Sun: 09:00 AM-07:00 PM

er #: 448296 Yvonne
08/14/2024 12:31 PM Drawer: 4
ce #: 840-152720 840WS186

*** REPRINT #3 ***

0.00
92692
NTY
nty Replacement
urned

*** REPRINT #3 ***

Sub-Total 0.00
Sales Tax 0.00
Total 0.00

O'Reilly AUTO PARTS
PROFESSIONAL PARTS PEOPLE

609 MORO
FORDYCE, AR 71742
(870) 352-5158
www.oreillyauto.com

Store hours:
n-Sat: 07:30 AM-09:00 PM
un: 09:00 AM-07:00 PM

: 699174 Sonya
26/2024 12:10 PM Drawer: null
: 840-136540 840WS187

** HISTORICAL REPRINT ***
*** ON 08/25/2024 ***

23.99
92
SET
b Pickup

17.99
HANDL
LIFETIME WARRANTY

*** HISTORICAL REPRINT ***
*** ON 08/25/2024 ***

Sub-Total 41.98
Sales Tax 4.20
Total 46.18

46.18
VISA 3604

VISA Auth CD: 563465
REF# 264743552589

## Progressive Discipline Form

Team Member Name: Yvonne Houston
Team Member Number: 448296

Completed By: Scott Derrow
Location: Store 840

### Disciplinary Issue

Disciplinary Step: Final Warning
Approval Contact: Scott Derrow
Approved On: Today

Description of Concern: Yvonne, after an HR investigation it has been substantiated that you used inappropriate/profane language towar Customer and also showed a very poor and unhelpful attitude toward other customers. As a RSS, you are expec "model" the culture and our commitment to excellent Customer Service and your behavior is not aligning with O'Reilly's expectations. Further poor customer service or use of inappropriate language towards Customers or members may lead to further disciplinary action including Termination of Employment.

TM Improvement Plan: You must lead by example in terms of exhibiting excellent Customer Service at all times and abiding by all the O'Reilly Rules of Conduct. Policy Name: Rules of Conduct Section: 400.402 Description: O'Reilly Auto Parts expe every team member to observe basic principles of good conduct and produce acceptable results. These are com sense guidelines requiring responsible behavior with fellow team members, supervisors, and most of all, custom

### Policy Associated with Discipline

Category: Job Performance
Policy Name: Rules of Conduct

Information

PRO **Fel-Pro - Intake Manifold Gasket**
MS92692 FEL

Price: $23.99 QOH: 0 Wty: 1Y Print

mary (F5)
ability (F6)
hange (F10)
ibutes (F9)
atibility (F8)

▼ **Fitment Notes**

Intake Manifold Gasket; Set

▼ **Product Specs**

**Warranty:**
1 Year Limited Warranty
**Intake Manifold Gasket Material:**
Rubber-Coated Metal, Steel
**Intake Manifold Gasket Included:**
Yes
**Lower Intake Included:**
Yes

▼ **Documents**

Brochure
Brochure

Brochure
Brochure

▶ **Additional Info**



Top

Use arrow keys to cycle through images. Click the image to zoom and pan.

Close (F3)

08/15/2024 09:59:03 AM

rt | 840::ws197::La... | Get Help — Mo... | TeamNet - Ho... | O'Reilly Parts... | O'Reilly Parts...

## Progressive Discipline Form

Team Member Name: Yvonne Houston
Team Member Number: 448296

Completed By: Scott Derrow
Location: Store 840

### Disciplinary Issue

Disciplinary Step: Final Warning
Approval Contact: Scott Derrow
Approved On: Today

Description of Concern: Yvonne, after an HR investigation it has been substantiated that you used inappropriate/profane language towar Customer and also showed a very poor and unhelpful attitude toward other customers. As a RSS, you are expe "model" the culture and our commitment to excellent Customer Service and your behavior is not aligning with O'Reilly's expectations. Further poor customer service or use of inappropriate language towards Customers or members may lead to further disciplinary action including Termination of Employment.

TM Improvement Plan: You must lead by example in terms of exhibiting excellent Customer Service at all times and abiding by all the O'Reilly Rules of Conduct. Policy Name: Rules of Conduct Section: 400.402 Description: O'Reilly Auto Parts expe every team member to observe basic principles of good conduct and produce acceptable results. These are com sense guidelines requiring responsible behavior with fellow team members, supervisors, and most of all, custom

### Policy Associated with Discipline

Category: Job Performance
Policy Name: Rules of Conduct

O'Reilly AUTO PARTS
PROFESSIONAL PARTS PEOPLE

# Team Member Investigation Statement Form

I understand that the company takes allegations of discrimination, harassment, and unethical or unfair treatment very seriously. It has been explained to me that this is an employment-related interview involving a company matter. I agree to discuss the issues at hand with the company representative(s). I understand that I am to be totally truthful and cannot interfere with this investigation in any way. I understand that my failure to cooperate with a company investigation may result in disciplinary action up to and including my termination of employment.

## STATEMENT

So that the company may properly investigate the complaint, please be as detailed as possible in your statement. Please provide pertinent information such as dates, witnesses, location of events, etc. and let the investigator know if you have any questions.

On wednesday evening hunter said he swept the
floor as I was sweeping the rugs. I was getting
ready to sweep the entire floor because I sweep
the rugs first. Then I dust mop the entire floor.
Hunter was standing behind me when I turned around
with the dust pan. I told him I was going to dust
mop the entire floor he said he had already done
it. I sweep the dust in the dust pan an swept the
rugs in front of the door. When I finished Hunter was
sitting on the letter. No I was not rude towards
Hunter or anyone else on 6/10/24. He was speaking

I hereby give this statement of my own free will and I have not been threatened, coerced, or in any way forced to make this statement, nor have any promises been made to me. I further understand that any form of retaliation in connection with this investigation by the company or by any involved individual will not be tolerated and should be reported immediately to the investigator or Corporate Team Member Relations.

| | |
|---|---|
| TEAM MEMBER'S NAME (PRINT): [illegible] | TEAM MEMBER'S NUMBER: [illegible]8296 |
| LOCATION (STORE #/ DC #/ OFFICE): 843 | JOB TITLE: |
| TEAM MEMBER'S SIGNATURE: [signature] | DATE SIGNED: 7/11/24 TIME: 1:07 pm |
| WITNESS SIGNATURE: | DATE SIGNED: TIME: |

goodhartservicesllc <goodhartservicesllc@gmail.com> 8/22/2025 2:27 PM

# FW: RUSH SERVICE - FILING A CASE IN Richard Sheppard Arnold United States Courthouse

To raymond.fraziercivilps@comcast.net

Good afternoon,

I hope this email finds you well.

As discussed, we need the attached case initiating documents to be delivered to the:

Richard Sheppard Arnold United States Courthouse
Street Address:
500 West Capitol Avenue
Little Rock, AR 72201

We need:

1. Complaint (1 original + 3 copies=4 copies in total)
2. 1 copy of civil cover sheet
3. 1 copy of each of the attached summonses

Upon arrival, the process server will need to let the clerk know that we have a civil case for filing and that the payment will be made over the phone. He will then need to call me on 718-554-3326 and give the phone to the clerk, so I will complete the transaction.

- Houston - Proposed Summons - Boyd.pdf (417 KB)
- Houston - Proposed Summons - Ozark.pdf (430 KB)
- Houston - Proposed Summons - Scoggins.pdf (417 KB)
- Houston - Proposed Summons - Shrum.pdf (417 KB)
- Houston v. Ozark - Complaint.pdf (862 KB)
- Houston - CCS.pdf (2 MB)

COPY

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 22 2025
TAMMY H. DOWNS, CLERK
By:
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YVONNE HOUSTON,

Plaintiff,

vs.

OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS,

Defendants.

Case No.: 4:25-cv-859-JM

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Yvonne Houston (hereinafter "Plaintiff"), by and through her attorneys, Consumer Attorneys PLLC, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully brings this Complaint against Defendants Ozark Automotive Distributors, Inc. d/b/a O'Reilly Auto Parts (hereinafter "Ozark" or the "Corporate Defendant"), Sonya Shrum ("Shrum"), Alex Boyd ("Boyd"), and Ricky Scoggins ("Scoggins") (Shrum, Boyd, and Scoggins collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants"), and alleges as follows:

**INTRODUCTION**

1. This is a civil rights complaint for discrimination, retaliation, creating of hostile work environment and wrongful termination in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-101 *et seq.*

2. From March 2024 to August 22, 2024, Plaintiff was employed as a Parts Specialist with Defendants.

This case assigned to District Judge Moody
and to Magistrate Judge Harris

3. During this time, Plaintiff was subjected to repeated incidents of racial discrimination, including offensive racial slurs from a supervisor, disparate treatment in scheduling and discipline, and the denial of equal access to workplace policies and benefits.

4. After reporting these issues through the company's internal channels, she was targeted by management, had her work hours reduced, was excluded from overtime opportunities, and ultimately faced an unlawful retaliatory termination.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of Plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331 and 1343.

6. The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State and local laws pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391 because all of the conduct complained of occurred within this District.

## PARTIES

8. Plaintiff is an adult individual who is and was a resident of the State of Arkansas within the County of Dallas.

9. Plaintiff was employed by the Defendant in the State of Arkansas during the period of March 2024 through August 22, 2024.

10. Defendant is a business entity formed under the laws of Arkansas with a primary office located at 320 S. Izard Street, Little Rock, Arkansas 72201.

11. Individual defendants are adults who are and were residents of the State of Arkansas.

## STATEMENT OF FACTS

12. Plaintiff has been employed by Defendants since approximately March 2024 through August 22, 2024 at Store #840 located in Arkansas.

13. However, this period was preceded by six (6) years of dedicated service with O'Reilly Auto Parts in Wisconsin, where Plaintiff consistently demonstrated a strong work ethic, reliability, and a commitment to excellence.

14. The transfer to the Arkansas location in March 2024 was a continuation of Plaintiff's longstanding employment with the company, and – during this time – Plaintiff continued to uphold the high standards of performance and professionalism that had characterized her history of service to Defendants in Wisconsin.

15. Plaintiff's experience and institutional knowledge made her a valuable asset to the team, and performance remained consistent with the expectations and responsibilities of the role.

16. She was therefore eminently qualified for her position.

17. Notwithstanding the foregoing, Plaintiff was discriminated against based on her race in violation of the law.

18. In March 2024, Plaintiff underwent a performance evaluation conducted by Store Manager Ricky Scoggins (hereinafter "Scoggins").

19. Shortly thereafter, in early April, Plaintiff discovered that her vacation time had not appeared in her employee profile and raised the issue with Scoggins, who claimed he would investigate.

20. At the same time, Plaintiff also experienced a payroll discrepancy due to her recent transfer from Wisconsin to Arkansas.

21. The issue was ultimately resolved after she contacted the company's main office in Springfield, Missouri.

22. Despite her full-time employment status, Plaintiff was later informed by Human Resources Department that she was listed as a part-time employee, rendering her ineligible for vacation or sick leave.

23. Plaintiff also discovered she had been underpaid at $13.00 per hour, despite assurances from management that her rate would be $14.00 per hour, and she was never issued retroactive pay.

24. When Plaintiff's employment status was eventually corrected, she was improperly charged insurance premiums twice.

25. In late April 2024, Plaintiff filed a complaint through the company's internal reporting system, citing favoritism in scheduling as to employees who are not African American like her, disparities in time-off approvals, and violations of company policy.

26. In early May, Defendant's District Manager Boyd visited the store to investigate the complaint and confronted Plaintiff, directly stating, *"If you don't like it, you can leave."*

27. Later that same day, Plaintiff overheard Boyd and store management stating that she needed to be terminated.

28. This coincided with new, retaliatory restrictions, including a sudden directive that she could no longer have her phone on the sales floor.

29. On May 4, 2024, Plaintiff reported to work as scheduled and opened the store alongside assistant manager Sonya Shrum (hereinafter "Shrum").

30. Upon beginning her shift, Plaintiff asked what tasks needed to be completed that morning.

31. Shrum stated that cycle counts were required; however, Plaintiff had already begun resetting a planogram.

32. When Plaintiff respectfully inquired why all directives seemed to be coming from District Manager Boyd, Shrum became visibly agitated.

33. In response, Shrum yelled at Plaintiff and ordered her to *"get your black ass out,"* further stating, *"We don't want you here anyway."*

34. This hostile and racially charged outburst effectively resulted in Plaintiff being terminated on the spot.

35. Plaintiff immediately sent a text message Scoggins to report the incident.

36. Scoggins responded that Plaintiff had not been terminated and assured her that he would address the matter.

37. Nevertheless, no corrective action on the part of Defendant's management appears to have been taken.

38. Shortly after the confrontation, Shrum went to the back room and placed a phone call.

39. Within approximately ten (10) minutes, her husband arrived at the store, and they remained in the back room together for about twenty minutes.

40. While standing at the front counter shortly thereafter, Plaintiff overheard Shrum make a further racially derogatory and inflammatory remark to her husband, stating, *"This nigga bitch got to go."*

41. On May 31, 2024, Plaintiff was contacted at approximately 7:30 a.m. by District Manager Boyd, despite her shift not being scheduled to begin until 3:15 p.m.

42. Boyd requested that Plaintiff come in early to discuss her recent complaint regarding a reduction in scheduled work hours, particularly during holiday weeks.

43. By the time Plaintiff arrived for her scheduled shift, Boyd had already spoken with other employees.

44. He then asked Plaintiff to step outside the back door to speak with her privately.

45. During the conversation, Plaintiff complained about the racism she endured and raised her concerns regarding the inconsistent scheduling practices and the noticeable reduction in her work hours.

46. Boyd responded by stating that he was aware she had filed the complaint, to which Plaintiff confirmed.

47. On June 4, 2024, Plaintiff was approached at work by Regional Manager Justin Fortune and District Manager David, who informed her they were conducting an internal investigation into workplace concerns.

48. Prior to said meeting, Plaintiff had reported multiple instances of racial discrimination at the store and had received warnings from coworkers and customers that management was attempting to remove her.

49. Following the meeting, Plaintiff's scheduled hours were significantly reduced, and she was excluded from overtime opportunities — constituting a clear act of retaliation.

50. On June 5, 2024, Plaintiff observed colleagues using their personal phones during working hours, despite having previously been instructed — uniquely and without explanation — not to do so.

51. On June 7, 2024, an incident occurred involving a customer, Randy, who attempted to use another employee's mechanic account to make a purchase.

52. After Plaintiff refused to install the battery under those circumstances, Shrum instructed her to do so regardless.

53. Although Plaintiff complied with the instruction to install the battery, the incident was later mischaracterized by the Defendant and used as a pretextual basis for her termination.

54. Specifically, the Defendant falsely accused Plaintiff of theft involving a returned auto part, despite no credible evidence supporting such a claim.

55. Said accusation followed a series of retaliatory actions after Plaintiff engaged in protected activity, including complaints of racial discrimination and unequal treatment in the workplace.

56. Ultimately, Plaintiff's employment was wrongfully terminated by Defendant on August 22, 2024.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF 42 U.S.C. § 1981
### DISCRIMINATION IN EMPLOYMENT CONTRACT

57. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

58. Plaintiff is an individual entitled to the protections of 42 U.S.C. § 1981.

59. Following Plaintiff's transfer to the Arkansas location in March, Defendants have subjected Plaintiff to varied terms and conditions of her employment contract, all on account of her race, in violation of her rights as protected by 42 U.S.C. § 1981.

60. Defendants have subjected Plaintiff to disparate treatment on account of her racein that Caucasian employees have been afforded more favorable terms and conditions of their

employment due to their race (Caucasian) as compared to the Plaintiff (African American), in violation of her rights as protected by 42 U.S.C. § 1981.

61. For instance, Plaintiff was misclassified as a part-time employee, rendering her ineligible for vacation or sick leave, despite her full-time employment status.

62. Caucasian employees performing the same or similar work as Plaintiff, and who started around the same time as Plaintiff, were properly classified as full-time employees, and were favored in scheduling matters, such as time-off approvals, compared to employees who are African American like her.

63. Further, Plaintiff was underpaid, and was never issued retroactive pay.

64. Meanwhile, Caucasian employees were scarcely subject to underpayment.

65. Following Plaintiff's filing an internal complaint, Defendants received a sudden directive that she could no longer have her phone on the sales floor, despite Caucasian employees using their phones during working hours with no repercussions.

66. Furthermore, Plaintiff was the subject of a racially charged outburst by Defendant Shrum, which included racially derogatory and inflammatory remarks both directed at and overheard by Plaintiff.

67. Despite a meeting in which Plaintiff was informed that an internal investigation would be conducted regarding her concerns, Plaintiff's scheduled hours were significantly reduced, and she was excluded from overtime opportunities, constituting deprived enjoyment of the benefits of her employment contract.

68. Caucasian employees were not subject to the same or similar reductions in scheduled hours and denied opportunities following their internal complaints.

69. Soon after Plaintiff was wrongfully terminated as a result of Defendants' baseless, false accusation of that Plaintiff had committed theft, an accusation which was Plaintiff had never witnessed hurled at any Caucasian employee.

70. Given Defendants' treatment of Plaintiff following her transfer to the Arkansas location preceding her termination, it is clear that Defendants wrongfully terminated Plaintiff's contract on the basis of her race.

71. This final adverse action by Defendants caused Plaintiff to be unable to enjoy the terms of her employment contract.

72. Defendants' unlawful employment practices were and are intentional.

73. The above-mentioned acts of disparate treatment were committed by Defendants to the detriment of Plaintiff, all on account of her race, in violation of her rights as protected by 42 U.S.C. § 1981.

74. Defendants' racially motivated actions have proximately caused damages to Plaintiff.

Retaliation as a separate cause of action?

**COUNT TWO**
**VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT: DISCRIMINATION ON THE BASIS OF RACE AND/OR NATIONAL ORIGIN**

75. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

76. Plaintiff is a member of a protected class on the basis of race. She is an African-American woman.

77. Plaintiff, in all respects, was performing her job in a manner that was consistent with Defendant's legitimate business expectations.

78. Defendant discriminated against Plaintiff as described above, including but not limited to unjustly reducing her working hours, subjecting her to a hostile work environment, denying her promotions and overtime opportunities, accusing her of acts constituting an offense and wrongfully firing her.

79. Defendant also retaliated against Plaintiff when she engaged in protected activity, including complaints of racial discrimination and unequal treatment in the workplace.

80. Defendant failed to take any meaningful corrective action in response to Plaintiff's complaints and instead permitted a hostile work environment to persist.

81. This pattern of conduct on the part of Defendant clearly constitutes a violation of Plaintiff's rights under ACRA.

82. Defendant's actions were taken with a willful and wanton disregard of Plaintiff's rights under the ACRA, Ark. Code Ann. § 16-123-101, *et seq.*

83. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against the Defendant for violation of Plaintiff's rights under Title VII of the Civil Rights Act and the Arkansas Civil Rights Act;

B. Declare that the actions of the Defendant constituted unlawful discrimination;

C. Award Plaintiff compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate Plaintiff for her losses, and damages for emotional distress;

D. Award Plaintiff punitive damages in such amount as the Court deems proper;

E. Award Plaintiff her costs, attorneys' fees, and non-taxable expenses in this action; and

F. Grant Plaintiff such other and further relief that the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

DATED: August 22, 2025

Daniel Cohen, NY Bar # 5481460
Attorney for Plaintiff Yvonne Houston
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 770-7901
F: (718) 247-8020
E: dcohen@consumerattorneys.com"

Generated: Aug 22, 2025 3:24PM

Page 1/1

# U.S. District Court

## Arkansas Eastern - Little Rock

Receipt Date: Aug 22, 2025 3:24PM

DANIEL COHEN
68-29 MAIN STREET
FLUSHING, NY 11367

Rcpt. No: 11710 Trans. Date: Aug 22, 2025 3:24PM Cashier ID: #LJ (4367)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 200 | Civil Filing Fee- Non-Prisoner | DARE425CVC00859 /001 | 1 | 405.00 | 405.00 |

| CD | Tender | Amt |
|---|---|---|
| CC | Credit Card | $405.00 |

| | |
|---|---|
| Total Due Prior to Payment: | $405.00 |
| Total Tendered: | $405.00 |
| Total Cash Received: | $0.00 |

**Comments**: ENDING IN 3006 APPROVAL CODE 219886

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

COURTS/USDC-AR-E
600 W CAPITOL AVE STE A1
49 STE A149
Little Rock,AR,72201
5016045128

SALE

REF#: 00000003
Batch #: 234001 RRN: 200100002
08/22/25 15:16:52
CVC: M
APPR CODE: 219886
AMEX Manual CNP
***********3006 **/**

AMOUNT $405.00

APPROVED

CUSTOMER COPY

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

| | | |
|---|---|---|
| _______________ *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:25-cv-859-JM |
| _______________ *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _______________

_______________
*District Judge's signature*

_______________
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

YVONNE HOUSTON

*Plaintiff(s)*

v.

OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS,

*Defendant(s)*

Civil Action No. 4:25-cv-859-JM

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Alex Boyd
609 Moro
Fordyce, AR 71742

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Daniel Cohen
CONSUMER ATTORNEYS
68-29 Main Street
Flushing, NY 11367

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TAMMY H. DOWNS
*CLERK OF COURT*

Date: 8/22/2025

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)*
was received by me on *(date)* .

❒ I personally served the summons on the individual at *(place)*
on *(date)* ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*
, a person of suitable age and discretion who resides there,
on *(date)* , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* , who is
designated by law to accept service of process on behalf of *(name of organization)*
on *(date)* ; or

❒ I returned the summons unexecuted because ; or

❒ Other *(specify)*:

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

YVONNE HOUSTON

*Plaintiff(s)*

v.

OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS,

*Defendant(s)*

Civil Action No. 4:25-cv-859-JM

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a O'REILLY AUTO PARTS
c/o C T Corporation System
320 S. Izard Street
Little Rock, AR 72201

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Daniel Cohen
CONSUMER ATTORNEYS
68-29 Main Street
Flushing, NY 11367

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TAMMY H. DOWNS
*CLERK OF COURT*

Date: 8/22/2025

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)*
was received by me on *(date)*

❒ I personally served the summons on the individual at *(place)*
on *(date)* ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*
, a person of suitable age and discretion who resides there,
on *(date)* , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* , who is
designated by law to accept service of process on behalf of *(name of organization)*
on *(date)* ; or

❒ I returned the summons unexecuted because ; or

❒ Other *(specify)*:

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

YVONNE HOUSTON

*Plaintiff(s)*

v.

OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS,

*Defendant(s)*

Civil Action No. 4:25-cv-859-JM

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Ricky Scoggins
609 Moro
Fordyce, AR 71742

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Daniel Cohen
CONSUMER ATTORNEYS
68-29 Main Street
Flushing, NY 11367

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TAMMY H. DOWNS
*CLERK OF COURT*

Date: 8/22/2025

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)*
was received by me on *(date)* .

❒ I personally served the summons on the individual at *(place)*
on *(date)* ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*
, a person of suitable age and discretion who resides there,
on *(date)* , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* , who is
designated by law to accept service of process on behalf of *(name of organization)*
on *(date)* ; or

❒ I returned the summons unexecuted because ; or

❒ Other *(specify)*:

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

YVONNE HOUSTON

*Plaintiff(s)*

v.

OZARK AUTOMOTIVE DISTRIBUTORS, INC. d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS,

*Defendant(s)*

Civil Action No. 4:25-cv-859-JM

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Sonya Shrum
609 Moro
Fordyce, AR 71742

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Daniel Cohen
CONSUMER ATTORNEYS
68-29 Main Street
Flushing, NY 11367

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TAMMY H. DOWNS
*CLERK OF COURT*

Date: 8/22/2025

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)*
was received by me on *(date)* .

☐ I personally served the summons on the individual at *(place)*
on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
, a person of suitable age and discretion who resides there,
on *(date)* , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is
designated by law to accept service of process on behalf of *(name of organization)*
on *(date)* ; or

☐ I returned the summons unexecuted because ; or

☐ Other *(specify)*:

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc: