**From:** Melanie G. Russell
**Sent:** Thursday, October 1, 2026 3:07 PM
**To:** 'dcohen@consumerattorneys.com'; 'emanuel@sagelegal.nyc'
**Cc:** Daveante Jones; Wynne James
**Subject:** Yvonne Houston v O'Reilly Auto Parts, et al.; USDC Case No. 4:25CV-859 - Letter with authorizations
**Attachments:** Email-MGR-261001-142833.switch

**Categories:** Egress Switch: Unprotected
**Switch-Enc:** authorupn="mrussell@wlj.com"; datetime="Thu, 01 Oct 2026 15:07:25 -0500"; labelid="public"; mediaid="5b75013126ea421f9e57926c2ad5184f"; organisation="b70ae5b986d748c0bfe95ad0843267a4"; server="us1.esi.egress.com";

You have received an Egress secure platform notification.

WRIGHT LINDSEY JENNINGS

# You have received a new secure email

from **Melanie G. Russell** (mrussell@wlj.com)

Open secure email

If you have **Egress software installed** just double click the email or attachment.

Alternatively, visit **https://us1.reader.egress.com/** and insert the following code:

**db25cf8c99e7c566d7c0f50bcbfa860d**

**Always check the links before you click** and check the browser address bar for the padlock icon.

**www.egress.com**



EXHIBIT 3

**Need support?** Visit our support center at www.egress.com/support for more information.

**Confidentiality Notice:** This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom it is addressed. If you have received this e-mail in error, please notify the sender.

© 2009 - 2026. All rights reserved. Egress Software Technologies Ltd.
Head office: White Collar Factory, 1 Old Street Yard, London, EC1Y 8AF. United Kingdom.

You are receiving this service message by email because you or the sender have signed up to one or more of our software services. We'll send email notifications to you based on our legitimate interests in providing the best possible service to you. More information can be found at www.egress.com/privacy-policy.

If you have any questions about this, please contact info@egress.com.

WRIGHT LINDSEY JENNINGS
Little Rock | Rogers | wlj.com | est. 1900

200 West Capitol Avenue, Suite 2300 | Little Rock, AR 72201-3699 | Main 501.371.0808 | Fax 501.376.9442

Daveante Jones
ATTORNEY

Direct: 501.212.1332 | dljones@wlj.com

October 1, 2026

**Via Email & US Mail**
Daniel Cohen
Consumer Attorneys PLLC
6829 Main Street
Flushing, NY 11367-1305
*dcohen@consumerattorneys.com*

Emanuel Kataev
Sage Legal LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
*emanuel@sagelegal.nyc*

RE: *Yvonne Houston v. Ozark Automotive Distributors, Inc. d/b/a O'Reilly Auto Parts, et al.*
U.S. District Court Eastern District Case No. 4:25-CV-859 JM

---

Dear Counsel:

Thank you for providing plaintiff's responses to defendants' first set of interrogatories and first set of requests for production of documents. I am writing to request supplementation of her responses to several of defendants' requests.

**General Issues**
First, plaintiff has waived any objections to defendants' first set of interrogatories because she failed to timely assert her objections. *See* Fed. R. Civ. P. 33(b)(4). On June 16, 2026, we served defendants' initial disclosures and propounded defendants' first sets of interrogatories and requests for production to plaintiff. Plaintiff did not respond to the discovery requests by July 16, 2026, but defendants agreed to plaintiff's request for a twenty-one-day extension until August 6, 2026. On August 18, 2026, having not received plaintiff's responses, defendants served plaintiff with a good faith letter in accordance with Fed. R. Civ. P. 37, stating defendants would seek Court intervention if plaintiffs did not respond to defendants' discovery requests within five days. Plaintiff did not serve her responses within that timeframe, so

defendants filed a Motion to Compel on August 31, 2026, which was granted by the Court. Plaintiff ultimately served her discovery responses on September 15, 2026. Given that the vast majority of plaintiff's objections are not valid even if they had been timely asserted, we ask that she promptly withdraw her objections and provide any responses and documentation that were withheld on the basis of any waived objection.

Second, plaintiff did not verify her answers to defendants' first set of interrogatories. Please provide plaintiff's verification, including any supplemental answers, as soon as possible.

Third, notwithstanding the fact that all objections have been waived, plaintiff objects to Interrogatory Nos. 7–17 by stating that no response is required as defendants had already served 25 interrogatories. In fact, defendants only served 17 interrogatories. The Advisory Committee Note to the 1993 amendments to Federal Rule of Civil Procedure 33(a)(1) explains: "[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each communication." When counting interrogatories, the primary inquiry is whether there is a common theme throughout the interrogatory such that it is specific enough to notify the recipient as to what it seeks, but broad enough to include all information in that theme. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664 (D. Kan. 2004). The determinate factor in counting interrogatories is "whether one question is subsumed and related to another or whether each question can stand alone and be answered irrespective of the answer to the others." *Banks v. Office of the Senate Sergeant-At-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004). *See also Synopsys, Inc. v. ATopTech, Inc,* 319 F.R.D. 293, 297–98 (N.D. Cal. 2016) (subparts of a contention interrogatory asking for facts, documents, and persons relating to one subject or contention counted as one interrogatory); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 637–38 (D. Kan. 2012); *Estate of Manship v. U.S.*, 232 F.R.D. 552 (M.D. La. 2005), *aff'd*, 2006 WL 594521 (M.D. La. 2006); *Mezu v. Morgan State University*, 269 F.R.D. 565 (D. Md. 2010). Given that each interrogatory propounded by defendants were directed at eliciting details concerning a common theme, each numbered interrogatory must be answered. We ask that plaintiff promptly withdraw her objections on this basis and provide any responses and documentation that were withheld on this basis.

**<u>Specific Answers and Responses</u>**
Plaintiff objects to **Interrogatory No. 7** on the basis of attorney-client privilege and the attorney work-product doctrine. This interrogatory specifically asked about materials regarding plaintiff's allegations in her complaint including a privilege log in the event she objects to the interrogatory on the basis of attorney-client privilege

or the work product doctrine. We ask that she produce the privilege log relevant to this interrogatory.

Plaintiff objects to **Interrogatory No. 5, and Request for Production Nos. 10 and 23** asking about the type and amount of damages she claims she is owed and the calculation of damages. Plaintiff has failed to disclose any evidence upon which she intends to rely upon to calculate her damages, as required by Rule 26. Please supplement these responses with a specific computation of damages and the evidence upon which such computation is based.

Relatedly, plaintiff failed to disclose or produce any income or financial information as requested in **Request for Production No. 7** (2021–2025 state and federal income tax returns, including W2s), and **Request for Production No. 8** (all check stubs or other pay documents where income tax returns are unavailable). And she did not provide a signed Authorization to Release Income Tax Returns as requested in part in **Request for Production No. 22**. Because plaintiff asserts a wrongful termination claim and seeks front and backpay, any potential damages will be measured by the sum of lost wages and other benefits from termination until the day of trial, plus any other tangible benefit, less the wages that she earned or could have earned through mitigation. The requested income information and signed Authorization therefore directly relate to plaintiff's claim for damages and any mitigation of damages. Please supplement the responses to Request for Production Nos. 7 and 8 with the requested tax returns and other pay records for 2021, 2022, 2023, 2024, and 2025. In the event that plaintiff does not have complete sets of tax returns to produce, providing the signed Authorization to Release Income Tax Returns (additional copy enclosed) will allow defendants to obtain those records without any burden or expense to plaintiff. We are willing to treat plaintiff's tax records as confidential pursuant to the agreed protective order and provide you copies of all records received pursuant to the Authorization.

Plaintiff failed to provide complete answers to **Interrogatory Nos. 9, 10, and 11** and **Request for Production No. 9** (income documents since employment with defendants), **Request for Production No. 15** (attempts to obtain other employment), **Request for Production No. 16** (unemployment, worker's compensation, other benefits), **Request for Production No. 17** (plaintiff's resume/CV), and **Request for Production No. 18** (Department of Workforce Services, Board of Review, Arkansas Appeals Tribunal, other agencies), and failed to provide a signed release for her employment information in response to **Request for Production No. 22**. Plaintiff has put her employment history at issue by filing this action. Information from plaintiff's other employers, such as disciplinary records, resumes, and applications, is discoverable. *See Walker v. Nw. Airlines Corp.*, 2002

WL 32539635, at *2 (D. Minn. Oct. 28, 2002) ("In order to fully assess Plaintiff's allegations, Northwest is entitled significant latitude in which to discover whether Plaintiff has made similar kinds of allegations against employers in the past…."). Because plaintiff has no legitimate objection to providing the requested employment information and signed release, please provide supplemental answers to these interrogatories and a signed release (additional copy enclosed). We are also willing to treat plaintiff's employment records as confidential and will provide you copies of all records received pursuant to the release. In addition to signed releases for tax and employment records discussed above, **Interrogatory Nos. 14 and 15** and **Request for Production No. 24** seek discoverable information relevant to plaintiff's claims for emotional distress damages (*see* Compl. ¶ 83) rendering her objections meritless. Plaintiff has put her health history at issue by seeking emotional distress damages and defendants are entitled to a signed medical authorization—an authorization to which plaintiff did not timely object—so that they may collect and obtain the records that directly relate to plaintiff's claim for damages. *See Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir. 2000).

Plaintiff also objected to several requests on the basis that the requested information and materials would be provided once a protective order is entered. The Court entered the parties' mutually agreed-upon protective order on August 24, 2026. Therefore, defendants request plaintiff supplement her responses and produce the requested information and materials pursuant to the protective order.

In accordance with Fed. R. Civ. P. 37, please consider this defendants' good faith attempt to resolve this matter without the Court's intervention. **Defendants request plaintiff provide the information and documents requested by October 16, 2026**. If this is not feasible or you would like to discuss these matters in more detail, we would be pleased to schedule a call with you at any time that is mutually convenient.

Respectfully,

WRIGHT, LINDSEY & JENNINGS LLP

Daveante Jones

cc: Wynne James

# EMPLOYMENT RECORD AUTHORIZATION

RE: YVONNE M. HOUSTON

SSN: [redacted]

DOB: 11/30/1967

---

All corporations, partnerships, companies, entities, or individuals who have employed **Yvonne M. Houston** are hereby authorized and directed to furnish to the law firm of Wright, Lindsey & Jennings LLP, 200 W. Capitol Avenue, Suite 2300, Little Rock, Arkansas 72201-3699, and its designated representatives, any and all information and records you may have concerning **Yvonne M. Houston**.

This release authorizes you to furnish any and all records and information concerning **Yvonne M. Houston**, including, but not limited to, payroll records, pre-employment physical reports, employment applications, attendance or absenteeism records, group insurance records, medical insurance records, disability insurance records, employee performance evaluation records, termination slips, and any other reports, documents, or memoranda concerning employment.

The reason or purpose for this release is for evaluation and use of the records in connection with a civil litigation proceeding brought by **Yvonne M. Houston.**

A photostatic copy of this authorization shall be considered as effective and valid as the original.

________________________________
YVONNE HOUSON

Dated: ________________________

Patient Name: **Yvonne M. Houston** Health Record No.: ____________
Date of Birth: 11/30/1967 SSN: [redacted]

1. I authorize the use or disclosure of the above named individual's health information as described below:

2. The following individual or organization is authorized to make the disclosure:

 ________________________________________

 Address: ________________________________________

3. The type and amount of information to be used or disclosed is as follows: (include dates where appropriate)

 - ☐ problem list
 - ☐ medication list
 - ☐ list of allergies
 - ☐ immunization record
 - ☐ most recent history and physical
 - ☐ most recent discharge summary
 - ☐ laboratory results from (date) ______ to (date) ______
 - ☐ x-ray and imaging reports from (date) ______ to (date) ______
 - ☐ consultation reports from (doctors' names) ______
 - ☒ entire record
 - ☐ other ______

4. The information disclosed may include claims and billing information. It may also include medical records received from other medical practitioners, including records regarding general medical care, alcohol and drug abuse treatment, psychological or psychiatric treatment, social services counseling, human immunodeficiency virus (HIV) or acquired immunodeficiency syndrome (AIDS) or AIDS-related complex (ARC), communicable diseases or infections, venereal diseases, tuberculosis, hepatitis and demographic information.

5. This information may be disclosed to and used by the following individual or organization:

 **Wright, Lindsey & Jennings LLP**
 Address: **200 West Capitol Avenue, Suite 2300**
 **Little Rock, Arkansas 72201**

 For the purpose of: **Current pending civil litigation.**

6. I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the department maintaining your records. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on the following date, event or condition: **upon completion of litigation**. If I fail to specify an expiration date, event or condition, this authorization will expire in six months.

7. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to receive treatment, payment for services, enrollment, or eligibility for benefits. I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal or state law. If I have questions about disclosure of my health information, I can contact (insert HIM director, privacy officer, or other office or individual's name or contact information).

8. A photocopy of this authorization shall be considered as effective and valid as the original.

9. I may request a copy of this signed authorization.

________________________________________ ____________________
Signature of Patient or Legal Representative Date

________________________________________ ____________________
If Signed by Legal Representative, Relationship to Patient Signature of Witness

**AUTHORIZATION TO RELEASE INCOME TAX RETURNS**

Dept. of Finance and Administration
Revenue Division
Income Tax Section
1509 West Seventh
Little Rock, Arkansas 72201

This will authorize the Arkansas Department of Finance and Administration, or other governmental or private agency having custody thereof, to provide on request to Wright, Lindsey & Jennings LLP, Attorneys at Law, 200 W. Capitol Avenue, Suite. 2300, Little Rock, Arkansas 72201, copies of state income tax returns filed for the years 2021, 2022, 2023, 2024, and 2025 by **Yvonne M. Houston**. The cost of copying such returns is to be at the expense of Wright, Lindsey & Jennings LLP. Photocopies of this authorization shall be valid as the original.

______________________________
YVONNE M. HOUSTON

Social Security #: [redacted]

DATE: ______________________________