IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

YVONNE HOUSTON PLAINTIFF

VS. CASE NO. 4:25CV00859-JM

OZARK AUTOMOTIVE DISTRIBUTORS, INC., d/b/a O'REILLY AUTO PARTS, SONYA SHRUM, ALEX BOYD, AND RICKY SCOGGINS DEFENDANTS

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY

Defendants[1] respectfully request that this Court, pursuant to Federal Rules of Civil Procedure 33, 34, and 37, enter another order compelling plaintiff to produce full and accurate responses defendants' interrogatories and requests for production, requiring plaintiff to withdraw her untimely and waived objections, and to execute the requested authorizations.

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff brings claims pursuant to 42 U.S.C. § 1981 ("Section 1981") and the Arkansas Civil Rights Act (ACRA) alleging she was wrongfully terminated by defendants after being subjected to discrimination, retaliation, and a hostile work environment during her employment. *See* ECF Doc. 1. The parties jointly entered their Rule 26(f) report on February 17, 2026, at which time they mutually agreed on

[1] Defendants assert that Ozark Automotive Distributors, Inc. is incorrectly named as a defendant as it did not employ plaintiff during the time period plaintiff alleges she was discriminated and retaliated against and is, therefore, not plaintiff's employer as defined by Section 1981 and ACRA. *See* ECF Doc. 23, ¶ 91. Additionally, individual defendant Rickey Scogin is incorrectly named as "Rickey Scoggins" in plaintiff's complaint. *Id.*, at pg. 1.

an appropriate discovery timeline. *See* ECF Doc. 20. The Court entered its Final Scheduling Order on February 23, 2026. *See* ECF Doc. 21. Defendants served their first interrogatories and requests for production on June 16, 2026, making plaintiff's responses due July 16, 2026. *See* ECF Doc. 27, Ex. 1. At plaintiff's request, defendants extended that deadline to August 6, 2026.

On August 18, 2026, having not received plaintiff's responses, defendants served plaintiff with a good faith letter in accordance with Fed. R. Civ. P. 37, stating defendants would seek Court intervention if plaintiffs did not respond to defendants' discovery requests within five days. *See* ECF Doc. 27. Plaintiff's counsel responded via email that defendants would receive plaintiff's responses by the end of the day. *Id.* Defendants, however, did not receive the responses by the end of the day. *See* ECF Doc. 27.

On August 24, 2026, plaintiff's counsel requested another extension of the response deadline until August 28, 2026, to respond to defendants' discovery requests. *See* ECF Doc. 27. Defense counsel expressed that defendants would hold off on seeking any Court intervention until Monday, August 31, 2026. *Id.*

Plaintiff did not respond to defendants' discovery requests by August 31, 2026; consequently, defendants filed a motion to compel the same day. After plaintiff failed to respond to defendants' motion by the 14-day response deadline in accordance with the Federal Rules of Civil Procedure, the Court reached out to the parties via email on September 15, 2026, at 2:09 p.m. CST to see whether plaintiff had responded to defendants' discovery requests. See the Court's and parties' email correspondence

attached as Exhibit 1. At 3:26 p.m. CST, defendants informed the Court that plaintiff had not responded to defendants' discovery requests. *Id.* Plaintiff served her responses to defendants at 8:59 p.m. CST on September 15, 2026. *See* Exhibit 2. The Court eventually granted defendants' motion on September 17, 2026, and directed plaintiff to provide full and complete responses to the outstanding discovery within 10 days of its Order. *See* ECF Doc. 30.

Plaintiff's responses remain wholly insufficient. Plaintiff asserted untimely objections, failed to verify interrogatory answers, incorrectly invoked the numerical limit on interrogatories, and failed to provide discovery concerning damages, mitigation, employment, benefits, medical information, and emotional-distress claims. Plaintiff also objected that certain materials would not be produced until entry of a protective order. The Court entered the parties' agreed upon protective order on August 24, 2026, eliminating that stated basis for withholding discovery. *See* ECF Doc. 25.

On October 1, 2026, defendants served plaintiff with another good faith letter in accordance with Fed. R. Civ. P. 37, detailing the supplementation requested and stating defendants would seek Court intervention if plaintiff did not supplement her responses to defendants' discovery requests by October 16, 2026. *See* Exhibit 3. As of November 5, 2026, plaintiff has not responded to the letter or supplemented her discovery responses.

## II. LEGAL ARGUMENT

Fed. R. Civ. P. 33(b)(2) requires that a party to whom interrogatories or requests for production of documents have been served shall serve a copy of the

answers or objections within thirty (30) days after service of the interrogatories or the requests for production of documents. A party that fails to respond or otherwise comply with a proper discovery request may be subject to a motion to compel under Fed. R. Civ. P. 37. *See Robinson v. Potter*, 453 F.3d 990 (995) (8th Cir. 2006) (citing *Firefighters Inst. For Racial Equal. V. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000)). Rule 33(b)(4) provides that any objection "not stated in a timely fashion is waived unless the court, for good cause, excuses the failure." Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Further, Rule 37(b)(2)(2) authorizes the Court to impose sanctions on a party who fails to obey an order to provide or permit discovery. And Rule 37(d) authorizes the Court to impose sanctions on a party who fails to answer or respond to discovery requests if the movant has in good faith conferred or attempted to confer with the party failing to act.

**A. <u>Plaintiff has waived any objections to defendant's first set of discovery requests because she failed to timely assert her objections under Fed. R. Civ. P. 33(b)(4)</u>.**

Federal Rule of Civil Procedure 33(b)(4) provides that any objection "not stated in a timely fashion is waived unless the court, for good cause, excuses the failure." Plaintiff has therefore waived any objections to defendants' first set of interrogatories because she failed to timely assert her objections. On June 16, 2026, defendants served their initial disclosures and propounded defendants' first sets of interrogatories and requests for production to plaintiff. Plaintiff did not respond to the discovery requests by July 16, 2026, but defendants agreed to plaintiff's request for a twenty-one-day extension until August 6, 2026. On August 18, 2026, having not

received plaintiff's responses, defendants served plaintiff with a good faith letter in accordance with Fed. R. Civ. P. 37, stating defendants would seek Court intervention if plaintiffs did not respond to defendants' discovery requests within five days. Plaintiff did not serve her responses within that timeframe, so defendants filed a Motion to Compel on August 31, 2026, which was granted by the Court.

Plaintiff ultimately served her discovery responses on September 15, 2026. In those responses, plaintiff asserted a litany of objections, which would not be valid even if they had been timely asserted. In defendants' October 1, 2026 good faith letter, defendants asked that she promptly withdraw her objections and provide any responses and documentation that were withheld on the basis of any waived objection. *See* Exhibit 3. Plaintiff did not respond. Because plaintiff did not assert objections by the extended deadline and has not established good cause excusing the delay, she has waived those objections. Defendants now respectfully request that the Court order plaintiff to withdraw the untimely objections, answer defendants' first set of interrogatories fully, and produce all responsive information or materials withheld based on the waived objections.

**B. <u>Plaintiff's objections to Interrogatory Nos. 7-17 based on the number of propounded interrogatories are baseless</u>.**

Notwithstanding the fact that all of plaintiff's potential objections were waived by her failure to respond timely, plaintiff objects to Interrogatory Nos. 7–17 by asserting defendants' served more than their allotted 25 interrogatories as some of defendants' requests included subparts. *See* Exhibit 2.

When counting interrogatories, the primary inquiry is whether there is a common theme throughout the interrogatory such that it is specific enough to notify the recipient as to what it seeks, but broad enough to include all information in that theme. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664 (D. Kan. 2004); *see also* Advisory Committee Note to the 1993 amendments to Federal Rule of Civil Procedure 33(a)(1) ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each communication."). The determinate factor in counting interrogatories is "whether one question is subsumed and related to another or whether each question can stand alone and be answered irrespective of the answer to the others." *Banks v. Office of the Senate Sergeant-At-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004). *See also Synopsys, Inc. v. ATopTech, Inc,* 319 F.R.D. 293, 297–98 (N.D. Cal. 2016) (subparts of a contention interrogatory asking for facts, documents, and persons relating to one subject or contention counted as one interrogatory); *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 637–38 (D. Kan. 2012); *Estate of Manship v. U.S.*, 232 F.R.D. 552 (M.D. La. 2005), *aff'd*, 2006 WL 594521 (M.D. La. 2006); *Mezu v. Morgan State University*, 269 F.R.D. 565 (D. Md. 2010). Given that each interrogatory propounded by defendants that includes subparts were directed at eliciting details concerning a common theme, each numbered interrogatory should be counted as one and, as a result, must be answered. Defendants respectfully request the Court order plaintiff to promptly withdraw her

objections on this basis and provide all responses and documentation that were withheld on this basis.

### C. Plaintiff failed to disclose any evidence upon which she intends to rely upon to calculate her damages, as required by Rule 26.

Plaintiff objects to Interrogatory No. 5, and Request for Production Nos. 10 and 23 requesting the type and amount of damages she claims she is owed and the calculation of damages. Plaintiff also fails to disclose or produce any income or financial information as requested in Request for Production No. 7 (2021–2025 state and federal income tax returns, including W2s), and Request for Production No. 8 (all check stubs or other pay documents where income tax returns are unavailable). And she does not provide a signed Authorization to Release Income Tax Returns as requested in part in Request for Production No. 22. Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires that a party must provide a computation of each category of damages claimed. The same rule, along with Rule 34, require a party to produce the documents or other evidentiary material on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Because plaintiff asserts a wrongful termination claim and seeks front and backpay, any potential damages will be measured by the sum of lost wages and other benefits from termination until the day of trial, plus any other tangible benefit, less the wages that she earned or could have earned through mitigation. The requested income information and signed Authorization therefore directly relate to plaintiff's claim for damages and any mitigation of damages. Defendants have assured plaintiff that in the event that plaintiff does not have complete sets of tax returns to produce,

providing the signed Authorization to Release Income Tax Returns (additional copy enclosed) will allow defendants to obtain those records without any burden or expense to plaintiff. Defendants have also assured plaintiff that defendants are willing to treat plaintiff's tax records as confidential pursuant to the agreed protective order and provide her copies of all records received pursuant to the Authorization. *See* Exhibit 3. Defendants respectfully request that the Court order plaintiff to supplement her responses to Request for Production Nos. 7 and 8 with the requested tax returns and other pay records for 2021, 2022, 2023, 2024, and 2025.

**D. Plaintiff must supplement her responses regarding employment and benefits history, health history, and her mitigation of damages.**

Plaintiff's answers to Interrogatory Nos. 9–11 are incomplete. Plaintiff also fails to provide complete responses and production concerning Request for Production No. 9, which seeks income documents since Plaintiff's employment with Defendants; Request for Production No. 15, which seeks job-search information; Request for Production No. 16, which seeks unemployment, workers' compensation, and other benefits information; Request for Production No. 17, which seeks Plaintiff's résumé or curriculum vitae; and Request for Production No. 18, which seeks relevant agency records. Plaintiff also has not executed the employment release requested in Request for Production No. 22.

Plaintiff's employment history, post-termination earnings, job-search efforts, benefits, qualifications, and related agency records are discoverable because they bear on liability, mitigation, and claimed economic damages. Information from plaintiff's other employers, such as disciplinary records, resumes, and applications,

is discoverable. *See Walker v. Nw. Airlines Corp.*, 2002 WL 32539635, at *2 (D. Minn. Oct. 28, 2002) ("In order to fully assess Plaintiff's allegations, Northwest is entitled significant latitude in which to discover whether Plaintiff has made similar kinds of allegations against employers in the past…."). Because plaintiff has no legitimate objection to providing the requested employment information and signed release, defendants request the Court order plaintiff to provide supplemental answers to these interrogatories and a signed employment record authorization.

Further, Interrogatory Nos. 14–15 and Request for Production No. 24 seek information and records relevant to Plaintiff's claim for emotional-distress damages identified in paragraph 83 of the Complaint. *See* ECF Doc. 1. By seeking emotional-distress damages, plaintiff has placed the nature, extent, cause, and treatment of the claimed distress at issue. The requested medical information is therefore relevant and discoverable. Plaintiff has put her health history at issue by seeking emotional distress damages and defendants are entitled to a signed medical authorization—an authorization to which plaintiff did not timely object—so that they may collect and obtain the records that directly relate to plaintiff's claim for damages. *See Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir. 2000).

Plaintiff also objects to several requests on the basis that the requested information and materials will be provided once a protective order is entered. *See* Exhibit 2. The Court entered the parties' mutually agreed upon protective order on August 24, 2026. *See* ECF Doc. 25. Plaintiff therefore has no remaining basis to delay production on that ground. Defendants request the Court order plaintiff to

supplement her responses and produce the requested information and materials pursuant to the protective order.

## III. REQUESTED RELIEF AND CONCLUSION

WHEREFORE, defendants respectfully request that the Court compel plaintiff to:

a. Provide full and complete responses and production responsive to Defendants' first interrogatories and requests for production;

b. Withdraw all waived and untimely objections and produce all information and materials withheld on those grounds;

c. Serve signed verifications for all interrogatory answers and supplemental answers;

d. Execute the requested tax, employment, and medical authorizations and releases;

e. Complete the required responses, production, verifications, authorizations, and releases within fourteen days after entry of the Court's order;

f. Pay defendants' reasonable expenses and attorneys' fees incurred in bringing this Motion pursuant to Rule 37; and

g. Grant any other relief the Court deems just and proper.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: dljones@wlj.com; wjames@wlj.com

Daveante Jones (2016163)
S. Wynne James (2026156)

*Attorneys for Defendants*